Exhibit 3

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE SAN JUAN

JOHN MATTHEW COOK Y ELLYSMAR GÓMEZ LUZARDO,

   Demandantes,

   vs.

CARIBBEAN GLAZE CORPORATION; GLAZE ON INVESTMENTS, INC.; F. GERARDO LARREA OLOZAGA; JUAN ANTONIO LARREA FRENCH;

   Demandados.

Civil Núm.: K PE2013-5152 (904)

## CONTESTACIÓN A "PETICIÓN DE MANDAMUS" O DEMANDA Y RECONVENCIÓN

AL HONORABLE TRIBUNAL:

Comparecen los codemandados, el Sr. Gerardo Larrea y el Sr. Juan Antonio Larrea, por conducto de los abogados que suscriben, y muy respetuosamente contestan la "Petición de Mandamus" de los demandantes:

### I. JURISDICCIÓN Y COMPETENCIA

1. No requiere alegación responsiva de los comparecientes. En la alternativa, se admite.

### II. LAS PARTES

2. Se admite que el codemandante John Matthew Cook ("Cook") es mayor de edad, soltero, vecino de San Juan, Puerto Rico, miembro de la Junta de Directores de Caribbean Glaze Corporation ("CGC"), y Presidente y Principal Oficial Ejecutivo de dicha compañía; que CGC opera la franquicia de donas Krispy Kreme en Puerto Rico; que Glaze On Investment, Inc. ("GOI") es tenedora del 100% de las acciones de CGC; y que CGC es una subsidiaria de GOI. El resto de lo alegado se niega. Se alega afirmativamente que Cook posee el 21% de interés propietario de GOI; y que un grupo de accionistas minoritarios posee el 16% de interés propietario de la referida corporación.

3. Se admite que la codemandante Ellysmar Gómez Luzardo

("Gómez") es mayor de edad, soltera, vecina de San Juan, Puerto Rico y Tesorera de CGC; que CGC opera la franquicia de donas Krispy Kreme en Puerto Rico; que GOI es tenedora del 100% de las acciones de CGC; y que CGC es una subsidiaria de GOI. El resto de lo alegado se niega. Se alega afirmativamente que Gómez posee el 21% de interés propietario de GOI; y que un grupo de accionistas minoritarios posee el 16% de interés propietario de la referida corporación.

4. Se admite que el codemandado, el Sr. Juan Antonio Larrea, es mayor de edad, casado, vecino de San Juan, Puerto Rico, Presidente de la Junta de Directores de CGC/GOI y Presidente de GOI; que CGC opera la franquicia de donas Krispy Kreme en Puerto Rico; que GOI es tenedora del 100% de las acciones de CGC; y que CGC es una subsidiaria de GOI. El resto de lo alegado se niega. Se alega afirmativamente que el Sr. Juan Antonio Larrea posee el 21% de interés propietario de GOI; y que un grupo de accionistas minoritarios posee el 16% de interés propietario de la referida corporación.

5. Se admite que el codemandado, el Sr. Gerardo Larrea, es mayor de edad, casado, vecino de Guaynabo, Puerto Rico y miembro de la Junta de Directores de CGC; que CGC opera la franquicia de donas Krispy Kreme; que GOI es tenedora del 100% de las acciones de CGC; y que CGC es una subsidiaria de GOI. El resto de lo alegado se niega. Se alega afirmativamente que el Sr. Gerardo Larrea posee el 21% de interés propietario de GOI; y que un grupo de accionistas minoritarios posee el 16% de interés propietario de la referida corporación.

6. Se admite.

7. Se admite.

### III. LOS HECHOS

8. Se admite. Se alega afirmativamente que el Sr. Juan Antonio Larrea es Presidente de la Junta de Directores de

2

1.5% del interés propietario de CGC, para un total del 16% de las acciones.

48. GOI no ha emitido certificados de acciones a ninguno de sus accionistas, incluyendo el Sr. Gerardo Larrea, el Sr. Juan Antonio Larrea, Cook y Gómez.

49. Los accionistas minoritarios han pagado total o parcialmente las acciones con su trabajo y servicios en beneficio de la corporación.

50. El 13 de enero de 2009, el Lcdo. Rodríguez le envió a Cook y Gómez un listado de los pasos a seguir o etapas necesarias (en total 3) para finalizar la estructura corporativa de CGC y GOI. Entre estos pasos se encontraba adoptar los "by-laws" y emitir las acciones clase A y clase B en GOI; adoptar los "by-laws" y nombrar a los directores oficiales corporativos de CGC; y suscribir acuerdos de accionistas para la clase A y la clase B. En el 2008 se realizó un esfuerzo similar que no rindió resultados.

51. El 13 de julio de 2009, Gómez envió un correo electrónico al Sr. Juan Antonio Larrea sobre la urgencia de emitir las acciones de los minoritarios.

52. Luego de varias comunicaciones con el Sr. Juan Antonio Larrea, Gómez y Cook, el 2 de septiembre de 2009, el Lcdo. Rodríguez circuló los documentos corporativos que formaban parte de la primera etapa de la formación de la estructura corporativa de CGC y GOI.

53. El 5 de noviembre de 2009, Cook le envió un correo electrónico al Lcdo. Rodríguez anejando los borradores de los acuerdos de accionistas para la clase A y clase B, y los "by-laws" de CGC, con sus comentarios.

54. El 10 de noviembre de 2009, el Lcdo. Rodríguez envió nuevamente los referidos documentos corporativos con los cambios

**CASELLAS ALCOVER & BURGOS, P.S.C.**
P.O. Box 364924
San Juan, Puerto Rico 00936-4924
Tel. (787) 756-1400
Fax. (787) 756-1401

_____
Ricardo F. Casellas
R.U.A. Núm. 8466
rcasellas@cabprlaw.com

_____
Heriberto Burgos Pérez
R.U.A. Núm. 8746
hburgos@cabprlaw.com

_____
Natalia Morales Echeverría
R.U.A. Núm. 16824
nmorales@cabprlaw.com