Exhibit 4



NUMBER 1

SHARES 350,000

INCORPORATED UNDER THE LAWS OF THE COMMONWEALTH OF PUERTO RICO

# CARIBBEAN GLAZE CORPORATION

The Corporation is authorized to issue 1,000,000 Common Shares – Par Value $1.00 each

**This Certifies that** GLAZE ON INVESTMENT, INC.

is the owner of

THREE HUNDRED FIFTY THOUSAND (350,000)—————— fully paid and

non-assessable Shares of the above Corporation transferable only on the books of the Corporation by the holder hereof in person or by duly authorized Attorney upon surrender of this Certificate properly endorsed.

In Witness Whereof, the said Corporation has caused this Certificate to be signed by its duly authorized officers and to be sealed with the Seal of the Corporation.

Dated October 7, 2004

SECRETARY, TREASURER          PRESIDENT

THESE SHARES ARE SUBJECT TO CERTAIN TRANSFER AND OTHER RESTRICTIONS CONTAINED IN THAT CERTAIN SHAREHOLDERS' AGREEMENT OF CARIBBEAN GLAZE CORPORATION (THE "COMPANY") DATED AS OF JULY 22, 2004, AS MAY BE AMENDED FROM TIME TO TIME IN ACCORDANCE WITH ITS TERMS. THE SHARES REPRESENTED BY THIS CERTIFICATE HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED (THE "ACT"), OR UNDER THE SECURITIES LAWS OF ANY STATE, COMMONWEALTH OR OTHER JURISDICTION, AND MAY NOT BE SOLD, TRANSFERRED, PLEDGED OR OTHERWISE DISPOSED OF IN THE ABSENCE OF AN EFFECTIVE REGISTRATION STATEMENT UNDER SUCH ACT OR AN OPINION OF COUNSEL SATISFACTORY (AS TO FORM AND SUBSTANCE) TO THE COMPANY TO THE EFFECT THAT SUCH REGISTRATION IS NOT REQUIRED AND THAT THE PROPOSED DISPOSITION IS CONSISTENT WITH THE ACT AND ANY APPLICABLE "BLUE SKY" OR SIMILAR STATE OR COMMONWEALTH SECURITIES LAW.

The following abbreviations, when used in the inscription on the face of this certificate, shall be construed as though they were written out in full according to applicable laws or regulations. Additional abbreviations may also be used though not in the list.

| TEN COM | – as tenants in common | UNIF GIFT MIN ACT – _____ Custodian _____ (Minor) |
| TEN ENT | – as tenants by the entireties | under Uniform Gifts to Minors Act _____ (State) |
| JT TEN | – as joint tenants with right of survivorship and not as tenants in common | UNIF TRF MIN ACT – _____ Custodian _____ (Minor) under _____ (State) Uniform Transfer to Minors Act |

PLEASE INSERT SOCIAL SECURITY OR OTHER IDENTIFYING NUMBER OF ASSIGNEE

*For value received, the undersigned hereby sells, assigns and transfers unto*

PLEASE PRINT OR TYPEWRITE NAME AND ADDRESS OF ASSIGNEE

*Shares*

*represented by the within Certificate, and hereby irrevocably constitutes and appoints*

*Attorney to transfer the said*

*shares on the books of the within-named Corporation with full power of substitution in the premises.*

*Dated,*

*In presence of*

NOTICE: The signature to this assignment must correspond with the name as written upon the face of the certificate in every particular without alteration or enlargement, or any change whatever.



SHARES 150,000

NUMBER 2

INCORPORATED UNDER THE LAWS OF THE COMMONWEALTH OF PUERTO RICO

## CARIBBEAN GLAZE CORPORATION

The Corporation is authorized to issue 1,000,000 Common Shares—Par Value $1.00 each

This Certifies that   KRISPY KREME DOUGHNUT CORPORATION   is the owner of

ONE HUNDRED FIFTY THOUSAND   (150,000)   fully paid and

non-assessable Shares of the above Corporation transferable only on the books of the Corporation by the holder hereof in person or by duly authorized Attorney upon surrender of this Certificate properly endorsed.

In Witness Whereof, the said Corporation has caused this Certificate to be signed by its duly authorized officers and to be sealed with the Seal of the Corporation.

Dated   October 7, 2004

SECRETARY-TREASURER

PRESIDENT

THESE SHARES ARE SUBJECT TO CERTAIN TRANSFER AND OTHER RESTRICTIONS CONTAINED IN THAT CERTAIN SHAREHOLDERS' AGREEMENT OF CARIBBEAN GLAZE CORPORATION (THE "COMPANY") DATED AS OF JULY 22, 2004, AS MAY BE AMENDED FROM TIME TO TIME IN ACCORDANCE WITH ITS TERMS. THE SHARES REPRESENTED BY THIS CERTIFICATE HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED (THE "ACT"), OR UNDER THE SECURITIES LAWS OF ANY STATE, COMMONWEALTH OR OTHER JURISDICTION, AND MAY NOT BE SOLD, TRANSFERRED, PLEDGED OR OTHERWISE DISPOSED OF IN THE ABSENCE OF AN EFFECTIVE REGISTRATION STATEMENT UNDER SUCH ACT OR AN OPINION OF COUNSEL SATISFACTORY (AS TO FORM AND SUBSTANCE) TO THE COMPANY TO THE EFFECT THAT SUCH REGISTRATION IS NOT REQUIRED AND THAT THE PROPOSED DISPOSITION IS CONSISTENT WITH THE ACT AND ANY APPLICABLE "BLUE SKY" OR SIMILAR STATE OR COMMONWEALTH SECURITIES LAW.

The following abbreviations, when used in the inscription on the face of this certificate, shall be construed as though they were written out in full according to applicable laws or regulations. Additional abbreviations may also be used though not in the list.

| TEN COM | – as tenants in common | UNIF GIFT MIN ACT – _____ Custodian _____ (Minor) |
| TEN ENT | – as tenants by the entireties | under Uniform Gifts to Minors Act _____ (State) |
| JT TEN | – as joint tenants with right of survivorship | UNIF TRF MIN ACT – _____ Custodian _____ (Minor) |
| | and not as tenants in common | under _____ (State) Uniform Transfer to Minors Act |

*For value received, the undersigned hereby sells, assigns and transfers unto*

PLEASE INSERT SOCIAL SECURITY OR OTHER IDENTIFYING NUMBER OF ASSIGNEE

PLEASE PRINT OR TYPEWRITE NAME AND ADDRESS OF ASSIGNEE

_____ *Shares*

*represented by the within Certificate, and hereby irrevocably constitutes and appoints* _____

_____ *Attorney to transfer the said*

*shares on the books of the within-named Corporation with full power of substitution in the premises.*

*Dated,* _____

*In presence of*

NOTICE    The signature to this assignment must correspond with the name as written upon the face of the certificate, in every particular without enlargement, or any change whatsoever.

PASTE CANCELLED CERTIFICATE IN THIS SPACE

CANCELLATION OF STAMPS:
In ink, mark stamps with initials, day, month and year, making 3 parallel incisions lengthwise thru stamp at time of affixing. Stamp shall not be so defaced as to prevent ready determination of denomination and genuineness.

RECEIVED CERTIFICATE No. _____ FOR _____ SHARES (or units, membership interests, partnership interests, etc., as appropriate)

THIS _____ DAY OF _____

Transfer Details For Surrendered Certificate

NEW CERTIFICATES ISSUED TO:

| NUMBER TRANSFERRED | NUMBER OF NEW CERTIFICATE |
|---|---|
| | |

CERTIFICATE No. _____1_____ FOR __67,500__ SHARES (or units, membership interests, partnership interests, etc., as appropriate)

ISSUED TO

Juan A. Larre

DATED _October 7, 2004_

Transfer From Original Issue

FROM WHOM TRANSFERRED:

Original Issue

DATED _____

| ORIGINAL CERTIFICATE NUMBER | ORIGINAL NUMBER | NUMBER TRANSFERRED |
|---|---|---|
| | | |

PASTE CANCELLED CERTIFICATE IN THIS SPACE

CERTIFICATE No. __2__ FOR __$7,500__ SHARES (or
units, membership interests, partnership interests, etc., as appropriate)

ISSUED TO

F. Gerardo Larrea

DATED __October 7, 2004__

Transfer From Original Issue

FROM WHOM TRANSFERRED: Original Issue

DATED

| ORIGINAL CERTIFICATE NUMBER | ORIGINAL NUMBER | NUMBER TRANSFERRED |
|---|---|---|
| | | |
| | | |

CANCELLATION OF STAMPS:
In ink, mark stamps with initials, day, month and year; make 3
parallel incisions lengthwise thru stamp at time of affixing. Stamp
shall not be so defaced as to prevent ready determination of its
denomination and genuineness.

RECEIVED CERTIFICATE No. _____ FOR _____ SHARES (or
units, membership interests, partnership interests, etc., as appropriate)

THIS _____ DAY OF _____

Transfer Details For Surrendered Certificate

NEW CERTIFICATES ISSUED TO:

| | NUMBER TRANSFERRED | NUMBER OF NEW CERTIFICATES |
|---|---|---|
| | | |

PASTE CANCELLED CERTIFICATE IN THIS SPACE

CERTIFICATE No. __3__ FOR __82,500__ SHARES (or units, membership interests, partnership interests, etc., as appropriate)

ISSUED TO

_Ellyson Gong_

DATED __October 7, 2004__

Transfer From Original Issue

FROM WHOM TRANSFERRED: _Original Issue_

DATED _____

| ORIGINAL CERTIFICATE NUMBER | ORIGINAL NUMBER | NUMBER TRANSFERRED |
|---|---|---|
| | | |
| | | |
| | | |

**CANCELLATION OF STAMPS:** In ink, mark stamps with initials, day, month and year, make 3 parallel incisions lengthwise thru stamp at time of affixing. Stamp shall not be so defaced as to prevent ready determination of its denomination and genuineness.

RECEIVED CERTIFICATE No. _____ FOR _____ SHARES (or units, membership interests, partnership interests, etc., as appropriate)

THIS _____ DAY OF _____

Transfer Details For Surrendered Certificate

NEW CERTIFICATES ISSUED TO:

| | NUMBER TRANSFERRED | NUMBER OF NEW CERTIFICATES |
|---|---|---|
| | | |
| | | |
| | | |

PASTE CANCELLED CERTIFICATE IN THIS SPACE

CERTIFICATE No. __4__ FOR __87,570__ SHARES (or units, membership interests, partnership interests, etc., as appropriate)

ISSUED TO

John M. Cook

DATED __October 7, 2004__

Transfer From Original Issue

FROM WHOM TRANSFERRED:

Original Issue

DATED __

| ORIGINAL CERTIFICATE NUMBER | ORIGINAL NUMBER | NUMBER TRANSFERRED |
|---|---|---|
| | | |
| | | |

CANCELLATION OF STAMPS:
In ink, mark stamps with initials, day, month and year; make 3 parallel incisions lengthwise thru stamp at time of affixing stamp shall not be so detached as to prevent ready determination of its denomination and genuineness.

RECEIVED CERTIFICATE No. _____ FOR _____ SHARES (or units, membership interests, partnership interests, etc., as appropriate)

THIS _____ DAY OF _____

Transfer Details For Surrendered Certificate

NEW CERTIFICATES ISSUED TO:

| NUMBER TRANSFERRED | NUMBER OF NEW CERTIFICATES |
|---|---|
| | |
| | |

Estado Libre Asociado de Puerto Rico
Commonwealth of Puerto Rico
**CERTIFICADO DE INCORPORACION**
**CERTIFICATE OF INCORPORATION**
CORPORACION AUTORIZADA A EMITIR ACCIONES DE CAPITAL
A STOCK CORPORATION

**PRIMERO:** El nombre de la corporación es:
*FIRST: The name of the corporation is:*      **CARIBBEAN GLAZE CORPORATION**

Favor hacer un círculo alrededor del término que desee para el nombre de la corporación:
*Please circle the term desired for the corporation's name:*

Corporación _____ Corp. o Inc.
*(Corporation), Corp. or Inc.*

**SEGUNDO:** Su oficina designada en el Estado Libre Asociado de Puerto Rico estará localizada en (dirección postal y física, incluyendo calle, número y municipio)
*SECOND: Its designated office in the Commonwealth of Puerto Rico will be located at (mailing and physical address, including street, number and municipality)*

**Mailing Address**
P.O. Box 360597
San Juan, P.R. 00936

**Physical Address**
Royal Industrial Park
Edificio K
Carr. 869, Km. 1.5
Cataño, PR 00962

El Agente Residente a cargo de dicha oficina es
*The Resident Agent in charge of said office is*

**Juan A. Larrea French**
P.O. Box 360597
San Juan, P.R. 00936

**TERCERO:** La naturaleza de los negocios o propósitos de la corporación son
*THIRD: The nature of the business or purposes of the corporation are*

To engage in any lawful act or activity for which corporations may be organized under the General Corporations Act of 1995, as amended from time to time.

**CUARTO:** El número y clases de acciones que la corporación está autorizada a emitir son (indicar el valor par de cada acción o si son sin valor par)
*FOURTH: The number and classes of authorized capital stock of this corporation are (indicate par value of shares or if they have no par value)*

1,000,000 shares of common stock at $1.00 par value.

La denominación, facultad, preferencia y derecho de las acciones es (indicar las condiciones, limitaciones y restricciones de cada clase, si alguna, o si la Junta de Directores estará autorizada a fijarlas mediante resolución)
*The denomination, faculties, preferences and rights of the stock are (indicate the conditions, limitations and restrictions of the stock, if any, or if they will be fixed by the Board of Directors by corporate resolution)*

Will be fixed by the Board of Directors by Corporate Resolution

**QUINTO:** El nombre y dirección postal y física (incluyendo calle, número y municipio) de cada incorporador son
*FIFTH: The name and mailing and physical address (including street, number and municipality) of each incorporator are*

-2-

| Gilberto J. Marxuach Torrós | **Mailing Address** | **Physical Address** |
|---|---|---|
| | PO BOX 364225<br>San Juan, PR 00936-4225 | 270 Muñoz Rivera Ave.<br>San Juan, PR 00918 |

**SEXTO:** Si las facultades de los incorporadores habrán de terminar al radicarse el certificado de incorporación, los nombres y las direcciones (incluyendo calle, número y municipio) de las personas que se desempeñarán como directores hasta la primera reunión anual de accionistas o hasta que sus sucesores los reemplacen son:

*SIXTH: If the faculties of the incorporators will end upon the filing of the certificate of incorporation, the names and addresses (including street, number and municipality) of the persons who will act as directors until the first annual meeting of the stockholders or until their successors replace them are:*

The initial Directors will be appointed by the Incorporator.

Favor de indicar con un "X" la fecha en que la corporación tendrá vigencia:
*Please indicate with an "X" the date on which the corporation will be effective:*

X    la fecha de radicación
      *the filing date*

___    la siguiente fecha _____ (que no excederá noventa (90) días a partir de la fecha de radicación)
      *the following date        (which will not exceed ninety (90) days from the filing date)*

Véase el párrafo B del Artículo 1.02 de la Ley General de Corporaciones de 1995 para otras cláusulas opcionales.
*Please see paragraph B of Article 1.02 of the General Corporation Law of 1995 for other optional clauses.*

Yo/Nosotras, el/los suscribiente(s), siendo el/los incorporador(es) antes señalado(s), con el propósito de formar una corporación conforme a la Ley General de Corporaciones de Puerto Rico de 1995, juro/juramos que los datos contenidos en este Certificado son ciertos, hoy día ___ del mes de _____ del año 20__.

*I/We, the undersigned, being the incorporator(s), hereinbefore named, for the purpose of forming a corporation pursuant to the General Corporation Law of Puerto Rico of 1995, hereby swear that the facts herein stated are true, this 20<u>th</u> day of June, 2003.*

Incorporador
*Incorporator*



Forma DE-RC-CF
(Rev. mar. 95-001)

Gobierno de Puerto Rico
*Government of Puerto Rico*
CERTIFICADO DE INCORPORACION
*CERTIFICATE OF INCORPORATION*
Corporación autorizada a emitir acciones de capital
*A Stock Corporation*

**PRIMERO:** El nombre de la corporación es:   GLAZE ON INVESTMENT, INC.
*FIRST: The name of the corporation is:*

Favor hacer un círculo alrededor del término que desee para el nombre de la corporación:
*Please circle the term desired for the corporation's name:*

Corporación   Glaze On Investment, Inc.   _____   Corp. o **Inc.**
                                                          *Corporation, Corp. or Inc.*

**SEGUNDO:** Su oficina designada en el Estado Libre Asociado de Puerto Rico estará localizada en
( dirección postal y física, incluyendo calle, número y municipio )
*SECOND: Its designated office in the Commonwealth of Puerto Rico will be located at (mailing and physical*
*address, including street, number and municipality)*
Royal Industrial Park, Edificio K, Carretera 869, Km. 1.5, Cataño, Puerto Rico  00962
*Postal y física*

El Agente Residente a cargo de dicha oficina es: Mariana Adelaida Ortiz Marías
*The Resident Agent in charge of said office is*

**TERCERO:** Esta es una corporación con fines de lucro cuya naturaleza o propósitos son
*THIRD: This is a for profit corporation which nature or purposes are*
To engage in the production and sale of doughnuts at a retail and wholesale.

**CUARTO:** El número y clase de acciones que la corporación está autorizada a emitir son (indicar el valor
para de cada acción o si son sin valor par).
*FOURTH: The number and classes of authorized capital stock of this corporation are ( indicate par value*
*of shares or if they have no par value)*
50,000 shares of common stock with a par value of $100.00/shares.

La denominación, facultad preferencia y derecho de las acciones de capital ( indicar las condiciones
limitaciones y restricciones de cada clase, si alguna, o si alguna, o si la Junta de Directores estará
autorizada a fijarlas mediante resolución )
*The denomination, faculties, preferences and rights of the stock are ( indicate the conditions, limitations*
*and restrictions of the stock, if any, or if they will be fixed by the Board of Directors by corporate*
*resolution)*
Will be fixed by the Board of Directors.

**QUINTO:** El nombre y dirección postal y física ( incluyendo calle, número y municipio ) de cada
incorporador son
*FIFTH: The name and mailing and physical address ( including street, number and municipality) of each*
*incorporator are*
Brunilda Maldonado Rodríguez, Rosa Colón Vázquez and Gladys Olivencia Sosa, Colgate Palmolive
Building, Suite 308, Metro Office Park, Guaynabo, Puerto Rico  00968-1705   *Postal y física*

**SEXTO:** Sí las facultades de los incorporadores habrán de terminar al radicarse el certificado de
incorporación, los nombres y las direcciones ( incluyendo calle, número y municipio ) de las personas que
se desempeñarán como directores hasta la primera reunión anual de los miembros o hasta que sus
sucesores los reemplacen son:

SIXTH:  If the faculties of the incorporators will end upon the filing of the certificate of incorporation, the names and addresses (including street, number and municipality) of the persons who will act as directors until the first annual meeting of the members or until their succesors replace them are:
Will be determined after the first meeting.

Favor indicar con una "X" la fecha en que la corporación tendrá vigencia:
Please indicate with an "X" the date on which the corporation will be effective:

X   la fecha de radicación
the filing date

_____  la siguiente fecha _____ ( que no excederá noventa ( 90 ) días a partir de la  fecha de radicación )
the following date                          ( which will not exceed ninety ( 90 ) days from the filing date )

Véase el párrafo B del Artículo 1.02 de la Ley General de Corporaciones de 1995 para otras cláusulas opcionales.
Please see paragraph B of Article 1.02 of the General Corporation Law of 1995 for other optional clauses.

Yo / Nosotros, el / los incorporador(es), siendo el/ los incorporador( es ) antes señalando ( s), con el propósito de formar una corporación conforme a la Ley General de Corporaciones de Puerto Rico de 1995, juro / juramos que los datos contenidos en este Certificado son ciertos, hoy día  14  del mes de  Mayo  del año  2004
I/We, the undersigned, being the incorporator(s), hereinbefore named, for the purpose of forming a corporation pursuant to the General Corporation Law of Puerto Rico of 1995, hereby swear that the facts herein stated are true, this_____ day of_____, _____

Incorporador ( es )
Incorporator(s)

--- PARA USO OFICIAL ---
FOR OFFICIAL USE ONLY

Certificación del Oficial Examinador
Officer Certification
Certifico que he leído y revisado dicho documento y que este
I hereby certify that I have read and revised this document and
cumple con la Ley Núm. 144 del 10 de agosto de 1995.
that it complies with Corporation Act Num. 144 of August 10, 1995.

Fecha            Firma
Date             Signature

Sello
Núm. de Comprobante       Cantidad
Voucher Number            Amount

Núm. de Registro
Registration Number

Certifico que el _____ de _____ de _____ , quedo
I hereby certify that on _____ _____ de _____ , this
registrado dicho documento luego de haber cumplido con la Ley Núm. 144
document has been duly registered in accordance to Act Num. 144
del 10 de agosto de 1995 ( Ley General de Corporaciones).
of August 10, 1995 (General Corporations Law of Puerto Rico).

EN TESTIMONIO DE LO CUAL, firmo la presente y estampo en ella el  Gran
del Estado Libre Asociado de Puerto Rico, en la cuidad de San Juan.
IN WITNESS WHEREOF, the undersigned by virtue of the authority vested
by laws, hereby issue this certificate and affixes the Great Seal of the
Commonwealth of Puerto Rico, in the City of San Juan.

Fecha            Secretario Auxiliar de Estado
Date             Assistant Secretary of State

COMMONWEALTH OF PUERTO RICO
DEPARTMENT OF STATE
SAN JUAN, PUERTO RICO


I, GRICEL FALGAS RODRIGUEZ, Assistant Director of the Corporation Registry of the Department of State of the Commonwealth of Puerto Rico,

CERTIFY: That on October 7, 2004 at 1:07 p.m., was filed a Certificate of Amendment to the Certificate of Incorporation of "GLAZE ON INVESTMENT, INC.", file 143,848 is a profit corporation organized under the laws of Puerto Rico, amending Article IV (Capital).

IN TESTIMONY WHEREOF, I sign the present and cause to be affixed on in the Great Seal of Commonwealth of Puerto Rico in the City of San Juan, today November 15, 2004.

Gricel Falgas Rodriguez
Assistant Director
Corporate Registry

GFR/cmo
12D0 000B107-038 -$20.00

*Estado Libre Asociado de Puerto Rico*
*Departamento de Estado*
*San Juan, Puerto Rico*

_____ Coop _____
**Entidad**

_____ Con fines de lucro

_____ Sin fines de lucro

_____ Doméstica

_____ Foránea

**Nombre:** Glazz On Investments, Inc

**Número:** 143848         **Fecha:** Oct - 7 -04   **Hora:** 11:07

**Tipo de radicación:**

_____ Registro nuevo
_____ Radicado nuevamente
_____ Cambios o Enmiendas
_____ Disolución

**Derechos pagados:** $ _____ 20.—

_____ Comprobantes
_____ Sellos
_____ Cheque

**Aumento o rebaja de Capital autorizado**

De _____ a _____

**Nombres similares o idénticos**

_____

_____

_____

**Enviar a:** Sr. Pedro Maldonado
P. O. Box 364225
San Juan PR 00936-
4225
**Teléfono:**

**Objeciones o comentarios:** Cert. Enm. Art IV Capital

OK
CM

Anejo III

| | | |
|---|---|---|
| Modelo SC 848.5<br>CC 1300-10-01<br>11 oct 00 | ESTADO LIBRE ASOCIADO DE PUERTO RICO<br>DEPARTAMENTO DE HACIENDA<br>AREA DE RENTAS INTERNAS<br>NEGOCIADO DE RECAUDACIONES | Recibo de Pago |

Comprobante Núm. _____

PARA SER LLENADO POR EL
ABOGADO NOTARIO

EN CASO DE DEVOLUCIÓN PÁGUESE A LA ORDEN DE:
McConnell Valdés

NOMBRE DEL TITULAR

07/Oct/2004

Clausulas Inc Dept Esta - 5114

$20.00~

12D0 000B 107 - 038

12D0 000B 107 - 038

COLOQUE SELLO

Conservación: Diez años o una intervención del Contralor, lo que ocurra primero

Recibo-para Comp.wpd

2004 OCT -7  PM 1:47

# GLAZE ON INVESTMENT, INC.

## SECRETARY'S CERTIFICATE OF RESOLUTION

I, Gilberto J. Marxuach, Secretary of Glaze On Investment, Inc., a corporation organized and existing under the laws of the Commonwealth of Puerto Rico (the "Corporation"), DO HEREBY CERTIFY that the following resolution was adopted by the Board of Directors of the Corporation pursuant to a Unanimous Consent dated as of September 8th, 2004:

RESOLVED, that Article Fourth of the Certificate of Incorporation of the Corporation is hereby amended to read as follows: FOURTH: The number and classes of authorized capital stock of this corporation are One Million shares of common stock with a par value of One United States Dollar ($1.00).

IN WITNESS WHEREOF, I have signed this certificate this 7th day of October, 2004.

_____
Secretary

Affidavit No. 565

Sworn to and subscribed before me in San Juan, Puerto Rico on this 7th day of October, 2004, by the following person who is personally known to me: Gilberto J. Marxuach, of legal age, married, lawyer and resident of Guaynabo, Puerto Rico, in his capacity as Secretary of Glaze On Investment, Inc.

_____
Notary Public

2004 OCT -7 PM 1:07

## GLAZE ON INVESTMENT, INC.

### CERTIFICATE OF AMENDMENT OF THE CERTIFICATE OF INCORPORATION BEFORE THE RECEIPT OF PAYMENT OF CAPITAL

**REGISTRY NUMBER:** 143,848

**FIRST:** Article Fourth of the Certificate of Incorporation of Glaze On Investments, Inc. (the "Corporation"), a corporation organized pursuant to the laws of Puerto Rico, has been amended so that it reads as follows:

> FOURTH:     The number and classes of authorized capital stock of this corporation are One Million shares of common stock with a par value of One United States Dollar ($1.00).

**SECOND:** Said amendment was adopted by the majority of the directors of the Corporation pursuant to a unanimous written consent dated September 8, 2004.

**THIRD:** No payment of capital to the Corporation has been received.

**IN WITNESS WHEREOF,** I, Gilberto J. Marxuach, the Secretary of the Corporation who signs this Certificate, hereby swear that the facts herein stated are true, this 7th of October, 2004.

_____
Secretary

## EXHIBIT C

### TO THE DEVELOPMENT AND FRANCHISE AGREEMENT
### BY AND BETWEEN KRISPY KREME, HDN DEVELOPMENT CORPORATION
### AND COMPANY

### DATED AS OF JULY 22, 2004

### BUSINESS ORGANIZATION, OWNERS, GENERAL MANAGER AND MANAGING DIRECTOR

1.    **Company** is a corporation established under the laws of the Commonwealth of Puerto Rico.

2.    **Owners:**  Listed below are the full name and mailing address of each Person who is an Owner of Company and a description of the nature of such Owner's direct or indirect Ownership Interest in Company (attach an additional page if required):

Name:      Glaze On Investments Inc.
Address:  Royal Industrial Park
              Building "K"
              Road 869, Km 1.5, Bo. Palmas
              Catano, Puerto Rico 00962

Number of Ownership Interests owned:
70% of total Ownership Interests:  Number of
Ownership Interests Owner is entitled to vote:
70%  Other Ownership Interests (describe):_____
_____

Name:      John Cook
Address:  Royal Industrial Park
              Building "K"
              Road 869, Km 1.5, Bo. Palmas
              Catano, Puerto Rico 00962

Number of Ownership Interests owned:
% of total Ownership Interests:  Number of
Ownership Interests Owner is entitled to vote:
Other Ownership Interests (describe):  Principal
Shareholder of Glaze On Investment, Inc.

Name:      Ellysmar Gomez
Address:  Royal Industrial Park
              Building "K"
              Road 869, Km 1.5, Bo. Palmas
              Catano, Puerto Rico 00962

Number of Ownership Interests owned:
% of total Ownership Interests:  Number of
Ownership Interests Owner is entitled to vote:
Other Ownership Interests (describe): Principal
Shareholder of Glaze On Investment, Inc.

Name:      F. Gerardo Larrea
Address:  Calle Tabonuco B-5
              Galeria San Patricio
              Suite 213
              Caparra Hills
              Guaynabo, Puerto Rico 00968

Number of Ownership Interests owned:
% of total Ownership Interests:  Number of
Ownership Interests Owner is entitled to vote:
Other Ownership Interests (describe):  Principal
Shareholder of Glaze On Investment, Inc.

Name:   Juan Antonio Larrea
Address: Royal Industrial Park
           Building "K"
           Road 869, Km 1.5, Bo. Palmas
           Catano, Puerto Rico 00962

Number of Ownership Interests owned:
% of total Ownership Interests:  Number of
Ownership Interests Owner is entitled to vote:
Other Ownership Interests (describe): Principal
Shareholder of Glaze On Investment, Inc.

Name:
Address:

Number of Ownership Interests owned:% of
total Ownership Interests:  Number of
Ownership Interests Owner is entitled to vote:
Other Ownership Interests (describe):

Name:
Address:

Number of Ownership Interests owned:% of
total Ownership Interests:  Number of
Ownership Interests Owner is entitled to vote:
Other Ownership Interests (describe):

3. **Management:** The following Person(s) is (are) the Managing Director and General Manager who shall exert full-time efforts to fulfill the obligations of Company under this Agreement:

### Managing Director

Name:   John Cook
Address: Royal Industrial Park
           Building "K"
           Road 869, Km 1.5, Bo. Palmas
           Catano, Puerto Rico 00962

Number of Ownership Interests owned:% of
total Ownership Interests:  Number of
Ownership Interests Owner is entitled to vote:
Other Ownership Interests (describe): Principal
Shareholder of Glaze On Investment, Inc.

### General Manager

Name:   John Cook
Address: Royal Industrial Park
           Building "K"
           Road 869, Km 1.5, Bo. Palmas
           Catano, Puerto Rico 00962

Number of Ownership Interests owned:% of
total Ownership Interests:  Number of
Ownership Interests Owner is entitled to vote:
Other Ownership Interests (describe): Principal
Shareholder of Glaze On Investment

61

4. **Initial Capitalization.** Company: (a) represents and warrants that Company has developed and previously furnished to Krispy Kreme, a description of its initial capital structure which is a true, correct, complete and detailed description of its capital structure; (b) except as permitted under the Development and Franchise Agreement or the Shareholders' Agreement, covenants that Company shall not deviate from its initial capital structure without Krispy Kreme's prior written consent; (c) acknowledges that Krispy Kreme has relied on its initial capital structure in entering into this Agreement; and (d) undertakes to abide by the terms of the Shareholders' Agreement on initial capitalization.

**KRISPY KREME DOUGHNUT CORPORATION**

By: Jimmy Strickland
Title: Senior Vice President of Area Developer Operations

**CARIBBEAN GLAZE CORPORATION**

By: Juan A. Layra
Title: Chairman of the Board

**HDN DEVELOPMENT CORPORATION**

By: Elizabeth S. Hood
Title: Vice President & Director

# EXHIBIT I

## TO THE DEVELOPMENT AND FRANCHISE AGREEMENT
## BY AND BETWEEN KRISPY KREME, HDN DEVELOPMENT CORPORATION
## AND COMPANY

### DATED AS OF JULY 22, 2004

### ACKNOWLEDGMENTS AND REPRESENTATIONS STATEMENT

1. Company and Glaze On Investments Inc. ("**Principal Owner**") acknowledge that they have read the Development and Franchise Agreement (the "**Agreement**") between Company and Krispy Kreme and HDNDC dated as of the date hereof in its entirety and that they understand and accept the terms, conditions and covenants contained in the Agreement as being reasonably necessary to maintain Krispy Kreme and HDNDC's high standards of quality and service and the uniformity of those standards at all Krispy Kreme stores in order to protect and preserve the goodwill of the Marks. (Capitalized terms not defined herein shall have the respective meanings set forth in the Agreement.)

2. Company and Principal Owner acknowledge that they shall comply with the Agreement when developing and operating a Store.

3. Company and Principal Owner acknowledge that the food service business is a competitive industry, with constantly changing market conditions. Company and Principal Owner acknowledge to have conducted an independent investigation of the business contemplated by the Agreement and recognize that, like any other business, the nature of the business conducted by Krispy Kreme stores may change over time and that an investment in a Krispy Kreme store involves business risks.

4. Krispy Kreme and HDNDC recommend that Company and Principal Owner be represented by legal counsel. Company and Principal Owner acknowledge to have had ample opportunity to consult with legal counsel and other professional advisors, and not to have received or relied on any representations about the Development Rights and Franchises granted in the Agreement made by Krispy Kreme, HDNDC, their officers, directors, employees or agents, that are contrary to the terms and conditions of the Agreement.

5. Company and Principal Owner acknowledge and agree that Krispy Kreme's approval of a proposed site for a Krispy Kreme store does not constitute an assurance, guarantee, representation or warranty of any kind, express or implied, as to the suitability of the proposed site for a Krispy Kreme store or the successful operation or profitability of a Krispy Kreme store operated at such site. Krispy Kreme's approval of any such site indicates only that Krispy Kreme believes that such site falls within acceptable minimum criteria established by Krispy Kreme at the time of its approval. Both Company and Principal Owner and Krispy Kreme acknowledge that application of criteria that have been effective with respect to some sites may not be predictive of potential for all sites and that, subsequent to Krispy Kreme's approval of a proposed site, demographic and/or economic factors, such as competition from other similar businesses, included in or excluded from its criteria could change, thereby altering the potential of a proposed site. Such factors are unpredictable and are beyond Krispy Kreme's control. Krispy Kreme shall not be responsible for the failure of a site it approved to meet Company and Principal Owner' expectations as to revenue or operational criteria. Company and Principal Owner further acknowledge and agree that their acceptance of a Franchise for the operation of a Krispy Kreme store at any such site is based on their own independent investigation of the suitability of the site.

6.   Company and Principal Owner acknowledge that Krispy Kreme and HDNDC's approval of business and financing plans for their development and operation of Krispy Kreme stores under the Agreement does not constitute any assurance, guaranty, representation or warranty that such business and financing plans are sufficient or not unduly burdensome, or that such Krispy Kreme stores shall be successful if Company and Principal Owner implement the business or financing plans. Krispy Kreme and HDNDC's approval of the business and financing plans indicates only that such plans meet or that Krispy Kreme has waived then-current minimum standards which Krispy Kreme has established solely for its own purposes at the time of approval.

7.   Company and Principal Owner acknowledge that in all of Krispy Kreme and HDNDC's dealings with Company and Principal Owner, Krispy Kreme and HDNDC's officers, directors, employees and agents act only in a representative capacity and not in an individual capacity. Company and Principal Owner further acknowledge that the Agreement, and all business dealings between Company and Krispy Kreme' and HDNDC's officers, directors, employees and agents as a result of the Agreement, are solely between Company and Krispy Kreme and/or HDNDC. Company and Principal Owner further represent to Krispy Kreme and HDNDC, as an inducement to Krispy Kreme and HDNDC's entry into this Agreement, that neither Company nor Principal Owner have made any misrepresentations in obtaining any rights granted under the Agreement.

8.   Company:

(i)      represents that it is duly organized and validly existing in good standing under the laws of the jurisdiction of its organization, is qualified to do business in all jurisdictions in which its business activities or the nature of properties owned by Company requires such qualification, and has the authority to execute and deliver the Agreement and perform all of its obligations under the Agreement; and

(ii)     agrees that all certificates representing Ownership Interests of Company now outstanding or hereafter issued shall be endorsed with a legend in a form Krispy Kreme and HDNDC approve reciting that the Transfer of Company's Ownership Interests is subject to restrictions contained in the Agreement.

9.   Company and Principal Owner represent and warrant that they are not subject to any restriction, agreement, contract, commitment, law, judgment or decree which would prohibit or be breached or violated by their execution and delivery of the Agreement or performance of their obligations thereunder. At Krispy Kreme and HDNDC's request, Company and Principal Owner shall furnish Krispy Kreme and HDNDC with an opinion of counsel, in form and substance satisfactory to Krispy Kreme and HDNDC, to the effect that the Agreement is validly binding and is enforceable against Company and Principal Owner in accordance with its terms, and that Company and Principal Owner are not subject to any restriction, agreement, law, judgment or decree which would prohibit or be breached or violated by their execution and delivery of the Agreement and performance of their obligations thereunder.

10. Company further represents and warrants that all of its Owners and their interests in Company are completely and accurately listed in **Exhibit C** to the Agreement and that Company shall make, sign and deliver to Krispy Kreme and HDNDC such revisions thereto as may be necessary during the term of the Agreement to reflect any changes in the information contained therein.

11. Company represents and warrants it is a corporation established organized under the laws of the Commonwealth of Puerto Rico and that its domicile is Royal Industrial Park, Building "K", Road 869, Km 1.5, Bo. Palmas, Catano, Puerto Rico 00962.

72

**CARIBBEAN GLAZE CORPORATION**          **GLAZE ON INVESTMENTS INC.**

By: _JUAN A LARREA_
Title: _CHAIRMAN of the BOARD_

By: _JUAN A. LARREA_
Title: _Chairman of the Board_

# CREDIT AGREEMENT

This Credit Agreement, entered into in the City of San Juan, Commonwealth of Puerto Rico, this 4th day of August, 2006.

**FIRSTBANK PUERTO RICO,** (hereinafter the "Lender"), a banking corporation organized and existing under the laws of the Commonwealth of Puerto Rico, herein represented by its Vice President, **MRS. MARIA ISABEL COLON RODRIGUEZ,** who is of legal age, married, an executive and a resident of Caguas, Puerto Rico; and

**CARIBBEAN GLAZE CORPORATION,** a corporation organized and existing under the laws of the Commonwealth of Puerto Rico (hereinafter the "Borrower"), herein represented by the Chairman of the Board of Directors, **MR. JUAN ANTONIO LARREA FRENCH,** who is of legal age, married, an executive and resident of Guaynabo, Puerto Rico.



## WITNESSETH

**WHEREAS,** Borrower has applied to Lender for a loan or loans in a non-revolving line of credit (the "Non-Revolving Loan Credit Facility") converting into Term Loans, of up to **FIVE MILLION DOLLARS ($5,000,000.00)** for the purposes of (i) financing Capital Expenditures to be incurred by Borrower in the design, development, construction and equipping of a commissary and three or more Krispy Kreme Stores, and (ii) to finance working capital needs and to satisfy fees, costs and expenses incurred in connection with the financing facilities contemplated hereby.

**WHEREAS,** Lender has agreed to Borrower's aforesaid requests and the parties desire to execute this Agreement to set forth the terms and conditions in the premises.

**NOW, THEREFORE,** in consideration of the premises, and of the mutual and separate agreements, pledges, covenants and warranties of the parties hereto, and for other good and valuable consideration, it is agreed, covenanted, and warranted by the parties hereto as follows:

- 32 -

Credit Agreement

7.10 **Transactions with Affiliates** - Except as permitted in section 7.3 above or otherwise expressly permitted by this Agreement, enter into any transaction, exceeding the sum of $250,000.00, including, without limitation, the purchase, sale, or exchange of property or the rendering of any service, with any Affiliate or permit any Subsidiary to enter into any transaction, including, without limitation, the purchase, sale, or exchange of property or the rendering of any service, with any Affiliate, except in the ordinary course of business and pursuant to the reasonable requirements of the Borrower's or such Subsidiary's business and upon fair and reasonable terms no less favorable to the Borrower or such Subsidiary that would be obtained in a comparable arm's-length transaction with a Person that is not an Affiliate.

7.11 **Issuance of Shares; Transfer** - Except as permitted by Section 7.3 hereof, (i) Change the voting rights of any class of Stock, (ii) issue or contract to issue any additional shares of Stock, (iii) permit or suffer any transfer of Stock of Borrower that would, in each case change the presently existing controlling interest in the outstanding Stock of Borrower.



## ARTICLE 8

## EVENTS OF DEFAULT

8.1 **Events of Default** - If any of the following events shall occur:

(1) The Borrower should fail to pay the principal of, or interest on the Notes, within fifteen (15) days after any such amounts becomes due and payable;

(2) Any representation or warranty made or deemed made by the Borrower in this Agreement or any of the Loan Documents or which is contained in any certificate, document, opinion, or financial or other statement furnished at any time under or in connection with any Loan Document shall prove to have been incorrect, incomplete, or misleading in any material respect on or as of the date made or deemed made and such incorrect, incomplete, or misleading statement or representation shall remain untrue or unremedied for a period of sixty (60) days after written notice thereof to Borrower from Lender;

- 42 -

Credit Agreement

**IN WITNESS WHEREOF**, the parties hereto have caused this Agreement to be duly executed and delivered by their proper and duly authorized officers as of the day and year first above written.

FIRSTBANK PUERTO RICO             CARIBBEAN GLAZE CORPORATION

By: _____      By: _____
MARÍA ISABEL COLÓN RODRIGUEZ     JUAN ANTONIO LARREA FRENCH
Vice President                  Chairman of the Board of
                                      Directors



Affidavit Number:  38579.

Acknowledged and subscribed to before me in San Juan, Puerto Rico, this 4th day of August, 2006, by the above signed persons, of the personal circumstances and in the capacities and representations stated above, all personally known to me.



NOTARY PUBLIC

## McCONNELL VALDES

PO BOX 364225, SAN JUAN, PUERTO RICO 00936-4225
TELEPHONE (787) 759-9292 • FAX (787) 759-9225
http://www.mcvpr.com

September 30, 2004

Krispy Kreme Doughnut Corporation
370 Knollwood Street
Suite 500
Winston-Salem, North Carolina 27103

Ladies and Gentlemen:

We have acted as special counsel to Caribbean Glaze
Corporation (the "Company") in connection with certain
matters related to the Shareholders' Agreement of Caribbean
Glaze Corporation, dated as of July 22, 2004, as amended as
of August 17, 2004, by and among the Company, Krispy Kreme
Doughnut Corporation, and Glaze On Investment, Inc. (the
"Agreement"). This opinion is rendered to you pursuant to
Article 2.1.3 of the Agreement. Capitalized terms are used
herein defined in the Agreement.

In so acting, we have examined originals or copies
(certified or otherwise identified to our satisfaction) of
the Agreement and such corporate records, agreements,
documents and other instruments (including, without
limitation, the Certificate of Incorporation of the Company
as filed with the Puerto Rico Department of State on June
23, 2003), and such certificates or comparable documents of
public officials and of officers and representatives of the
Company, and have made such inquiries of such public
officials, officers and representatives, as are relevant
and necessary as a basis for the opinions hereinafter set
forth.

In such examination, we have assumed the genuineness
of all signatures, the legal capacity of all natural
persons, the authenticity of all documents submitted to us
as originals, the conformity to original documents of all
documents submitted to us as certified, conformed or
photostatic copies and the authenticity of the originals of
such latter documents.    As to all questions of fact
material to the third opinion below that have not been
independently established, we have relied upon certificates
or comparable documents of officers and representatives of

270 MUÑOZ RIVERA AVENUE, SAN JUAN, PUERTO RICO 00918

McConnell Valdés

Krispy Kreme Doughnut Corporation
September 30, 2004
Page 2

the Company and upon the representations and warranties of the Company contained in the Agreement.

Based on the foregoing, and subject to the qualifications stated herein, we are of the opinion that:

1. The Company is a corporation duly organized, validly existing and in good standing under the laws of the Commonwealth of Puerto Rico.

2. The authorized capital stock of the Company consists of One Million shares of common stock, par value One United States Dollar ($1.00) per share, of which no shares are issued and outstanding prior to Completion.

3. There are no outstanding or authorized options, warrants, rights, contracts, calls, puts, rights to subscribe or other agreement or commitments to which the Company is a party or which are binding upon the Company (other than the Agreement) providing for the issuance or redemption of any of its capital stock.

The opinions expressed herein are limited to the laws of the Commonwealth of Puerto Rico and the federal securities laws of the United States, and we express no opinion as to the effect on the matters covered by this letter of the laws of any other jurisdiction.

The opinions expressed herein are rendered solely for your benefit in connection with the transactions described herein. Those opinions may not be used or relied upon by any other person, nor may this letter or any copies hereof be furnished to a third party, filed with a governmental agency, quoted, cited or otherwise referred to without our prior written consent. The opinions expressed herein are as of the date hereof and we assume no obligation to update or supplement such opinions to reflect any fact or circumstances that may hereafter come to our attention or any changes in law that may hereafter occur.

Cordially,

McConnell Valdés

F:\ATTY\CORP\SCS\LARREA\glaze on opinion 2.doc

**McCONNELL VALDÉS**

PO BOX 364225, SAN JUAN, PUERTO RICO 00936-4225
TELEPHONE (787) 759-9292 • FAX (787) 759-9225
http://www.mcvpr.com

October 7, 2004

Krispy Kreme Doughnut Corporation
370 Knollwood Street
Suite 500
Winston-Salem, North Carolina 27103

Ladies and Gentlemen:

We have acted as special counsel to Caribbean Glaze
Corporation (the "Company") in connection with certain
matters related to the Shareholders' Agreement of Caribbean
Glaze Corporation, dated as of July 22, 2004, as amended as
of August 17, 2004, by and among the Company, Krispy Kreme
Doughnut Corporation, and Glaze On Investment, Inc. (the
"Agreement"). This opinion is rendered to you pursuant to
Article 2.1.3 of the Agreement. Capitalized terms are used
herein defined in the Agreement.

In so acting, we have examined originals or copies
(certified or otherwise identified to our satisfaction) of
the Agreement and such corporate records, agreements,
documents and other instruments (including, without
limitation, the Certificate of Incorporation of the Company
as filed with the Puerto Rico Department of State on June
23, 2003), and such certificates or comparable documents of
public officials and of officers and representatives of the
Company, and have made such inquiries of such public
officials, officers and representatives, as are relevant
and necessary as a basis for the opinions hereinafter set
forth.

In such examination, we have assumed the genuineness
of all signatures, the legal capacity of all natural
persons, the authenticity of all documents submitted to us
as originals, the conformity to original documents of all
documents submitted to us as certified, conformed or
photostatic copies and the authenticity of the originals of
such latter documents. As to all questions of fact
material to the third opinion below that have not been

Krispy Kreme Doughnut Corporation
October 7, 2004
Page 2

independently established, we have relied upon certificates or comparable documents of officers and representatives of the Company and upon the representations and warranties of the Company contained in the Agreement.

Based on the foregoing, and subject to the qualifications stated herein, we are of the opinion that:

1. The Company is a corporation duly organized, validly existing and in good standing under the laws of the Commonwealth of Puerto Rico.

2. The authorized capital stock of the Company consists of One Million shares of common stock, par value One United States Dollar ($1.00) per share, of which no shares are issued and outstanding prior to Completion.

3. There are no outstanding or authorized options, warrants, rights, contracts, calls, puts, rights to subscribe or other agreement or commitments to which the Company is a party or which are binding upon the Company (other than the Agreement) providing for the issuance or redemption of any of its capital stock.

4. The shares of common stock of the Company issued to Krispy Kreme Doughnut Corporation upon Completion are duly authorized, validly issued and outstanding, and fully paid and nonassessable.

The opinions expressed herein are limited to the laws of the Commonwealth of Puerto Rico and the federal securities laws of the United States, and we express no opinion as to the effect on the matters covered by this letter of the laws of any other jurisdiction.

The opinions expressed herein are rendered solely for your benefit in connection with the transactions described herein. Those opinions may not be used or relied upon by any other person, nor may this letter or any copies hereof be furnished to a third party, filed with a governmental agency, quoted, cited or otherwise referred to without our prior written consent. The opinions expressed herein are as

Krispy Kreme Doughnut Corporation
October 7, 2004
Page 3


of the date hereof and we assume no obligation to update or
supplement such opinions to reflect any fact or
circumstances that may hereafter come to our attention or
any changes in law that may hereafter occur.

Cordially,

*McConnell Valdés*

## REDEMPTION AGREEMENT

THIS REDEMPTION AGREEMENT (this "*Agreement*") is dated this 27ᵗʰ day of APRIL, 20 06, (the "*Effective Date*") and entered into by and between **CARIBBEAN GLAZE CORPORATION**, a Puerto Rico corporation (the "*Company*") and **KRISPY KREME DOUGHNUT CORPORATION**, a North Carolina corporation (the "*Shareholder*"). The Company and the Shareholder are sometimes collectively referred to herein as the "*Parties.*"

## R E C I T A L S :

WHEREAS, as of the date hereof, and pursuant to the Shareholders' Agreement by and among the Company and its shareholders, including the Shareholder, dated as of July 22, 2004 (the "*Shareholders' Agreement*"), the Shareholder is the record and beneficial owner of One Hundred Fifty Thousand (150,000) issued and outstanding common shares in the Company (the "*Shares*"); and

WHEREAS, the Company desires to redeem the Shares from the Shareholder, and the Shareholder desires to sell the Shares to the Company, upon the terms and conditions set forth below.

NOW, THEREFORE, in consideration of the foregoing premises, the mutual covenants and conditions contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1. **Redemption of Shares.** Upon the delivery of this Agreement signed by each of the Parties, the Shareholder shall transfer, sell, assign and deliver the Shares to the Company free and clear of any and all liens, claims, pledges, equities, security interests, options, restrictions and encumbrances and other rights of any person or entity of any kind, nature or description whatsoever, in exchange for the aggregate redemption price of One Hundred Fifty Thousand Dollars ($150,000) (the "*Redemption Price*"). The Redemption Price shall be payable in immediately available funds upon the delivery by the Shareholder of the certificates representing the Shares and an assignment of the Shares to the Company, both duly endorsed by the Shareholder (collectively, the "*Share Certificates*"). Upon such transfer of the Shares to the Company and the Shareholder's compliance with the applicable closing conditions, as set forth in **Section 3** below, the Company shall pay the Shareholder the Redemption Price.

2. **Closing.** The consummation of the transactions contemplated by this Agreement (the "*Closing*") shall take place on the date hereof at the Company's principal place of business, located at Royal Industrial Park, Building "K", Road 869, Km 1.5, Bo. Palmas, Catano, Puerto Rico 00962, or at such other place, time and date as the Parties may hereafter agree in writing.

3. **Closing Conditions.** The Parties' obligation to consummate the transactions contemplated hereunder is subject to the satisfaction of the following conditions on or before the Closing:

1

(a)   The Shareholder shall deliver to the Company the Share Certificates.

(b)   Each of the Shareholder and the Company shall have delivered to the others originals of this Agreement signed by each of them.

(c)   The Company shall deliver to the Shareholder an amount equal to the Redemption Price, as set forth in **Section 1** above.

(d)   The Shareholder's lenders shall have approved the transactions contemplated hereunder.

(e)   The boards of directors of the Shareholder, the Company and Krispy Kreme Doughnuts, Inc., shall have approved the transactions contemplated hereunder.

4.   **Termination of Shareholders' Agreement**.  The Shareholders' Agreement shall terminate concurrently with the Closing on the date hereof and shall be of no further force or effect, nor shall either of the Parties to this Agreement have any further obligations or duties, however characterized or described, with respect to each other pursuant to the Shareholders' Agreement.

5.   **Representations and Warranties**.

(a)   **Representations and Warranties of the Company**.

(i)   The Company hereby represents and warrants to the Shareholder that it has the full right, power and authority to enter into and perform the terms of this Agreement and to consummate the transactions described in and contemplated by this Agreement and that this Agreement and the transactions contemplated herein have been duly authorized by the Company.

(ii)   This Agreement constitutes a legal, valid and binding obligation of the Company which is enforceable against the Company in accordance with its terms, except as enforcement may be limited by applicable bankruptcy, insolvency, reorganization, moratorium or similar laws relating to or limiting creditor's rights generally and subject to the availability of equitable remedies.

(b)   **Representations and Warranties of the Shareholder**.  The Shareholder hereby represents and warrants to the Company as follows:

(i)   The Shareholder is the legal, record and beneficial owner of the Shares, and has full right, power and authority to transfer and sell such Shares to the Company in the manner provided for in this Agreement and to consummate the transactions described in and contemplated by this Agreement.  This Agreement and the transactions contemplated herein have been duly authorized by Shareholder.

2

(ii)     The Shareholder is transferring good and marketable title to the Shares free and clear of any and all liens, claims, pledges, equities, security interests, options, restrictions and encumbrances and any other rights of any person or entity or any kind, nature or description whatsoever.

(iii)    This Agreement constitutes a legal, valid and binding obligation of the Shareholder which is enforceable against the Shareholder in accordance with its terms, except as enforcement may be limited by applicable bankruptcy, insolvency, reorganization, moratorium or similar laws relating to or limiting creditor's rights generally and subject to the availability of equitable remedies.

6.     **Release of Company.**   Krispy Kreme, on behalf of itself and its current and former affiliates, predecessors, shareholders, partners, members, directors, officers, employees, agents and representatives and their respective heirs, administrators, successors and assigns (the "Krispy Kreme Group"), hereby forever releases, discharges, and forever holds harmless Company, its current and former predecessors, affiliates, shareholders, partners, members, directors, officers, agents, representatives and their respective heirs, administrators, successors and assigns (the "Company Group") from any and all claims, demands, debts, liabilities, actions or causes of action, costs, agreements, promises and expenses of every kind and nature whatsoever, up and through the date of this Agreement, at law or in equity, whether known or unknown, foreseen and unforeseen, liquidated or unliquidated, which any member of the Krispy Kreme Group had, has or may have against any member of the Company Group arising from, in connection with, or in any way related or pertaining, directly or indirectly to the purchase of the Shares and/or the redemption of the Shares. Krispy Kreme, on behalf of the Krispy Kreme Group, represents and warrants that no member of the Krispy Kreme Group has made an assignment or any other transfer of any interest in the Claims described therein.

7.     **Indemnification.**   Each Party hereby agrees to indemnify and hold the other Party and its or his respective officers, directors, shareholders, employees, agents, heirs, executors, personal representatives, successors and assigns, harmless from and against any and all loss, cost, damage, liability and expense (including, without limitation, reasonable attorneys' fees) which such indemnified Party may suffer, sustain or incur as a result of, in connection with, arising out of, or resulting from such indemnifying Party's breach of any of its or his obligations hereunder.

8.     **Miscellaneous.**

(a)     **Survival.**   The Parties' respective representations, warranties, covenants and agreements contained in this Agreement will survive the execution of this Agreement.  In addition, those terms and conditions of this Agreement that by their nature should survive this Agreement shall so survive.

(b)     **Notices.**   All notices and other communications required or desired to be given pursuant to this Agreement will be given in writing and will be deemed received by the addressee upon personal delivery, or on the third day after mailing if sent by registered or certified mail, postage prepaid, return receipt requested, or on the day after

3

sending if sent by a nationally recognized overnight delivery service which maintains records of the time, place and recipient of delivery, and in each case if addressed as follows:

| | |
|---|---|
| **If to the Company:** | Caribbean Glaze Corporation |
| | Royal Industrial Park |
| | Building "K" |
| | Road 869,Km 1.5 |
| | Bo. Palmas, Catano, Puerto Rico 00962 |
| | Attn:  Juan Antonio Larrea |
| | |
| **If to the Shareholder:** | Krispy Kreme Doughnut Corporation |
| | 370 Knollwood Street |
| | Suite 500 |
| | Winston-Salem, North Carolina 27103 |
| | Attn:_____ |

or to such other person, entity or address as either party may respectively designate in like manner, from time to time.

(c)     **Binding Nature; Assignment**.  This Agreement is binding upon and will inure to the benefit of the Parties and its or his respective officers, directors, shareholders employees, agents, heirs, executors, administrators, personal representatives, successors and permitted assigns, if any.

(d)     **Severability**.  If any provision contained herein is held to be invalid or unenforceable by a court of competent jurisdiction, such provision will be severed herefrom and such invalidity or unenforceability will not affect any other provision of this Agreement, the balance of which will remain in and have its intended full force and effect; provided, however, if such invalid or unenforceable provision may be modified so as to be valid and enforceable as a matter of law, such provision will be deemed to have been modified so as to be valid and enforceable to the maximum extent permitted by law.

(e)     **Waiver**.  No waiver of any right or remedy any party may have against the other(s) hereunder, at law, in equity or otherwise shall be effective unless in writing signed by the party agreeing to such waiver.  A waiver by any party hereto of any right or remedy on any one occasion shall not constitute a waiver of such right or remedy on any future occasion or of any other right or remedy such party may have.

(f)     **Incorporation of Recitals**.  The recitals set forth at the beginning of this Agreement are hereby incorporated into and made a part of this Agreement as if fully set forth in the body hereof.

(g)     **Entire Agreement; Modifications**. This Agreement, along with the Letter Agreement regarding the termination of the Shareholders' Agreement, and the Addendum to the Development and Franchise Agreement between the Company and the

4

Shareholder, each executed concurrently herewith, constitutes the entire agreement of the Parties with respect to the subject matter hereof and contemplated hereby, superseding all prior and contemporaneous promises, communications and agreements, whether verbal or written, with respect thereto. This Agreement may not be changed, amended, modified, terminated or discharged, except by a writing signed by the Parties.

(h)   **Counterparts.** This Agreement may be executed in multiple counterparts each of which will be deemed an original, but all of which together will constitute one and the same instrument.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the Effective Date.

COMPANY:

**CARIBBEAN GLAZE CORPORATION,**
a Puerto Rico corporation:

By:

Name: Juan A. Larrea

Its: Chairman

SHAREHOLDER:

**KRISPY KREME DOUGHNUT CORPORATION,**
a North Carolina corporation:

By:

Name: Jeffrey B. Welsh

Its: CFO