# EXHIBIT 3

CERTIFIED TRANSLATION

## COMMONWEALTH OF PUERTO RICO
## COURT OF FIRST INSTANCE
## SUPERIOR COURT OF SAN JUAN

| | |
|---|---|
| JOHN MATTHEW COOK AND ELLYSMAR GOMEZ LUZARDO, <br><br> PLAINTIFFS, <br><br> VS. <br><br> CARIBBEAN GLAZE CORPORATION, GLAZE ON INVESTMENT, INC., F. GERARDO LARREA OLOZAGA, JUAN ANTONIO LARREA FRENCH, <br><br> DEFENDANTS. | CIVIL NO. K PE2013-5152 (904) <br><br> MATTER: DERIVATIVE ACTION <br><br> [Stamp: {illegible} DEC 12 PM {illegible}] |

### MOTION SUBMITTING DOCUMENTS UNDER SEAL

**TO THE HONORABLE COURT:**

**COME NOW** the plaintiffs, John Matthew Cook and Ellysmar Gómez Luzardo, through the undersigned legal counsel, and very respectfully State, Allege and Request:

1. On this day, the plaintiffs filed their Reply to Motion to Dismiss and in Compliance with Order and Request for Urgent Hearing.

2. In order to protect the confidentiality of the documents, which contain confidential and privileged information of the corporations, all of the exhibits (Exhibits 1-27) of the Reply to Motion to Dismiss and in Compliance with Order and Request for Urgent Hearing are hereby submitted under seal.

**WHEREFORE,** the coplaintiffs, John Matthew Cook and Ellysmar Gómez Luzardo, respectfully request that the Honorable Court take notice of this information with any other action that it may deem appropriate.

**I CERTIFY** that on this day I sent a true and exact copy of this motion by electronic mail and regular mail to the defendants, F. Gerardo Larrea Olozaga and Juan A. Larrea French, through their attorneys, Casellas, Alcover & Burgos, P.S.C.; Mr. Ricardo E. Casellas, Esq., (rcasellas@cabprlaw.com), Mr. Heriberto Burgos Pérez, Esq.,

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

(hburgos@cabprlaw.com), and Natalia Morales Echevarría (nmorales@cabprlaw.com), to PO Box 364924, San Juan, Puerto Rico 00936-4924.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on December 12, 2013.

**Nigaglioni Law Offices, P.S.C.**
Attorneys for the plaintiff
P. O. Box 9023865
San Juan, Puerto Rico
00902-3865
Phone No. (787)765-9966
Fax No. (787)751-2520

[signature]
Mónica Vega Quintana
RUA TSPR 10,953
mvg@nigaglionilaw.com

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

        Krispy Kreme Doughnuts        Exhibit G
        Licensed Franchisee

February 11, 2013
Mrs. Ellysmar Gomez
Treasurer
Caribbean Glaze Corp.

Dear Ellysmar,

Once again I answer numerous correspondences from you and John demanding, as a right, the distribution of millions of dollars in dividends from the corporation's accrued income to only four of its shareholders of which you and John are important beneficiaries. You base your claims with newspaper references and opinions of lawyers and accountants-of which we differ- which are convenient and purposely lacking the complete picture of the facts relevant to this controversy. These opinions have unnecessarily created the risk of tax penalties from the Treasury Department to the corporation in allegedly millions of dollars.

On one hand, it has never been or is the intention of the shareholders of the corporation and I speak for Mr. Gerardo and myself, to evade our personal tax obligations to justify extraordinary tax penalty or even more, to use the corporation for illegal means. On the contrary, the reasons that have motivated us always regarding the dividends matter-reasons that we have explained incessantly in the directors meetings as well as in writings, our latest letter being the one dated November 14, 2012, and that have caused an impasse among the four directors of the Board –are legitimate, serious and important, and the purpose is to protect the best interests of the corporation. As we have previously explained, we believe in the cautious use of the corporate capital in the expansion of the operations and in avoiding premature distributions of dividends. Also, we have to take into account that distributing dividends without including persons that we have all agreed and acknowledged as minority shareholders from the start, would expose the corporation to liability as to those third parties.

On the other hand, you have a serious conflict of interest as shareholders, directors, and officers to incriminate the corporation with an alleged tax risk with the sole purpose of lining your own pockets with millions of dollars in dividends. As we will not participate in your strategies and due to that there is an impasse in the Board of Directors regarding the declaration of dividends, Mr. Gerardo and I will not sign the resolutions you sent us.

Sincerely,
[signature]
Juan A. Larrea
President of the Board of Directors

C. John Cook
F. Gerardo Larrea



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.


Licensed Franchisee

**Exhibit G**

11 de febrero de 2013

Sra. Ellysmar Gómez
Tesorera
Caribbean Glaze Corp.

Estimada Ellysmar,

Vuelvo a contestar múltiples comunicaciones tuyas y de John exigiendo, a como de lugar, la distribución de millones de dólares en dividendos de los ingresos acumulados de la corporación a solo cuatro de sus accionistas, entre los cuales tú y John figuran como beneficiarios importantes. Apoyas tus reclamos con citas de periódico y opiniones de abogados y contables– de las cuales diferimos– y que son acomodaticias y desprovistas deliberadamente del cuadro completo de los hechos relevantes a esta controversia. Estas opiniones han creado innecesariamente unos riesgos de una supuesta imposición millonaria por el Departamento de Hacienda de penalidades contributivas a la corporación.

Por un lado, jamás ha sido ni es la intención de los accionistas de la corporación, y hablo por Don Gerardo y por mí, el evadir nuestras obligaciones contributivas personales como para justificar unas penalidades contributivas extraordinarias y menos aún, usar la corporación para fines ilegales. Todo lo contrario, las razones que nos han motivado siempre sobre el tema de los dividendos –razones que hemos explicado a la saciedad tanto en las reuniones de directores como por escrito, siendo nuestra comunicación más reciente la del 14 de noviembre de 2012 y que han causado un impasse entre los cuatro directores en la Junta– son legítimas, serias, y de peso, y persiguen proteger los mejores intereses de la corporación. Como hemos explicado anteriormente, creemos en el uso prudente del capital corporativo en la expansión de las operaciones y evitar distribuciones prematuras de dividendos. También hay que tomar en consideración que distribuir dividendos sin incluir a personas que todos hemos acordado y reconocido como accionistas minoritarios desde el principio, expondría a la corporación a responsabilidad frente a esos terceros.

Por otro lado, ustedes tienen un serio conflicto de interés como accionistas, directores, y oficiales al incriminar a la corporación con un supuesto riesgo contributivo con el único fin de llenarse los bolsillos con millones de dólares en dividendos. Puesto que no vamos a ser partícipes de sus estrategias y debido a que existe un tranque en la Junta de Directores sobre la declaración de dividendos, ni Don Gerardo ni yo vamos a firmar las resoluciones que nos enviaste.

Sinceramente,

Juan A. Larrea
Presidente de la Junta de Directores

C:   John Cook
     F. Gerardo Larrea

**Caribbean Glaze Corporation**
Royal Industrial Park, Bldg. K, Road 869, Bo. Palmas, Cataño, PR 00962 • PO Box 366939, San Juan PR 00936-6939
Phone (787) 275-8990, Fax (787) 275-8833