IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOHN MATTHEW COOK; ELLYSMAR GOMEZ-LUZARDO<br>Plaintiffs<br>vs<br>F. GERARDO LARREA-OLOZAGA; JUAN A. LARREA-FRENCH; CARIBBEAN GLAZE CORPORATION; GLAZE ON INVESTMENT, INC.; LUIS ARENAS; ALEJANDRO D. CERDA; IVELISSE BORRERO-DE CORDOVES; ARTURO FERNANDEZ; FELIPE FLORES-ROLON; FRANCISCO GERARDO LARREA-FRENCH; MARIA LARREA-FRENCH; GILBERTO MARXUACH; JACOBO ORTIZ-MURIAS; ANICETO SOLARES-RIVERO; FERNANDO L. TORO<br>Defendants | CIVIL 14-1544CCC |

**OPINION AND ORDER**

Before the Court are two interrelated motions: (1) Motion to Vacate Plaintiffs' Deposit of Funds (**D.E. 21**)[1] filed on September 11, 2014 by defendants Gerardo Larrea-Olozaga and Juan A. Larrea-French (hereinafter "the Larreas"), and Luis Arenas, Alejandro Cerda, Ivelisse Borrero, Arturo Fernández, Felipe Flores, Francisco Larrea-French, María Larrea-French, Gilberto Marxuach, Jacobo Ortiz-Murias, Aniceto Solares and Fernando Toro, generally referred to in the filings as "minority shareholders" or as "the 11 individual defendants;" and (2) defendant CGC's Motion for an Injunction Pursuant to 28 U.S.C. § 2361 (**D.E. 37**).

---

[1] The related filings are oppositions filed by Caribbean Glaze Corporation (CGC) on 9-24-14 (D.E. 24) and by plaintiffs Cook and Gómez on 9-29-14 (D.E. 27) and a reply to such oppositions by the Larreas filed on 10-23-14 (D.E. 44).

CIVIL 14-1544CCC                                2

    Before this action was commenced, there were two other civil actions between the same parties filed in the courts of the Commonwealth of Puerto Rico. The core controversy underlying all three actions is whether the 11 individual defendants are minority shareholders of both corporations (¶¶ 29, 30, 31 of Verified Amended Complaint) and have a 16 percent participation of the shares and of a recently declared $5.3 million dividend equivalent to $848,000.00. The four co-founding partners of CGC, the exclusive franchisee of Krispy Kreme donuts in Puerto Rico, hold adversarial positions on the matter. The Larreas fully acknowledge the lawful existence and participation of the minority shareholders in the corporations, while Cook and Gómez claim that the Larreas concocted a fraudulent scheme to misrepresent that the two corporations approved the issuance of a 16 percent participation to the 11 individual defendants.

    This dispute had its judicial genesis in the Court of First Instance of Puerto Rico, San Juan Part, as a Mandamus Petition filed by Cook and Gómez on October 31, 2013 against CGC, its holding company Glaze On Investment, Inc. (GOI), and the Larreas, Civil No. KPE2013-5152(904). <u>See</u> docket entry 20-5. This civil action was handled by two different Civil Court judges, the first being Superior Court Judge Angel Pagán, who dismissed the Mandamus Petition but ordered the remaining parties, the Larreas and the 11 minority shareholders, to continue with their claims (the Larreas' Counterclaim and the minority shareholders' Declaratory Judgment Petition) and instructed the Clerk's Office to reassign the case to another judge as an ordinary proceeding. It was then reassigned to Superior Court Judge Melba D. Ayala-Ortiz and while the case number remained the same, KPE2013-5152, the courtroom changed

CIVIL 14-1544CCC                    3

from 904 to 505, that is, Civil No. KPE2013-5152(904) became KPE2013-5152(505).

Cook and Gómez had alleged in the Mandamus Petition dismissed by Judge Pagán that they had presented a Motion for Declaration and Distribution of Dividends at a meeting of the Board of Directors of the corporations held on October 28, 2011 and again on August 20, 2012, and on both occasions the Larreas, members of the Board of Directors of CGC, objected to such motion. Their petition requested that the Court "compel directors F. Gerardo Larrea-Olozaga and Juan A. Larrea-French to exercise their ministerial duty" (¶ 39 of D.E. 20-5) and that they proceed to comply with the declaration and distribution of benefits by CGC. The Larreas filed an Answer to the Petition for Mandamus and a **Counterclaim** in Civil No. KPE2013-5152(904). They generally averred in the Counterclaim (D.E. 48-1, ¶¶ 17-46) that it was in the best business interest of CGC to postpone the distribution of dividends until there was a final determination regarding the existence of the minority shareholders and until the commitment made with the minority shareholders as to their 16 percent participation was complied with. The dominating theme of the San Juan Superior Court Counterclaim filed by the Larreas is anchored on the ongoing controversy as to the existence of minority shareholders and their total percentage of shares, if any. Under the heading "Background and beginning of the discrepancies between the parties," subpart (B.), paragraphs 38 through 107, particularly at paragraphs 38-47, 49-56 and 91 through 104; under "Second Cause of Action: Derivative Action," paragraphs 127 through 133; under "Third Cause of Action: Accounting," paragraphs 142 through 147; and under "Fifth Cause of Action: Judicial Administrator," paragraphs 170-171 and 174 through 177, the Larreas'

CIVIL 14-1544CCC                               4

Counterclaim continuously refers to their efforts to achieve the integration of the minority shareholders into the corporation, referring to GOI, to Cook and Gómez' opposition to the participation of the minority shareholders and to the fact that there is a deadlock or impasse among the members of the Boards of Directors of both GOI and CGC regarding the composition of the shareholders of the corporations.

Superior Court Judge Pagán issued a Partial Judgment on February 18, 2014 dismissing the Mandamus Petition.  Upon reassignment of the case to Judge Ayala at Courtroom 505, she considered one of the two remaining claims: the Petition for Declaratory Judgment that had been filed on December 31, 2013 by the 11 individual defendants as intervenors and the corresponding motion to dismiss of Cook and Gómez dated March 21, 2014 for lack of personal jurisdiction over them.  Although the "minority shareholders" had notified their request for intervention and intervenors' Declaratory Judgment Petition to the attorneys for the corporations and to mandamus petitioners Cook and Gómez, their intervenors' Complaint for Declaratory Judgment was dismissed for lack of personal service upon Cook and Gómez.

The Larreas then filed on May 27, 2014 a Motion for Reconsideration or Relief from Judgment (D.E. 48-2), addressing Judge Ayala's Judgment dismissing the entire case, without prejudice (KPE2013-5152(904)).  They requested that the Court vacate that portion of its judgment with respect to the Larreas' counterclaim, the other claim pending upon reassignment, contending that the dismissal for lack of personal jurisdiction was aimed solely at the Declaratory Judgment Petition filed by the intervenors-minority shareholders, not at the Larreas' counterclaim against Cook and Gómez.  The Larreas'

CIVIL 14-1544CCC                           5

reconsideration motion was originally set for argument on September 4, 2014 (see August 21, 2014 Order of Superior Court Judge Ayala in KPE2013-5152(505), D.E. 48-4 in our case). It was rescheduled for hearing on October 23, 2014 by order issued by the same judge. See D.E. 48-5.

Meanwhile, the 11 individual "minority shareholders"-intervenors whose petition for declaratory judgment had been dismissed in Civil No. KPE2013-5152(505) pursuant to the May 22, 2014 Judgment, pending reconsideration, went on to refile a Declaratory Judgment Petition on June 10, 2014 as Civil No. DAC2014-1549(506) in the Puerto Rico Court of First Instance, Bayamón Part. This pleading has been submitted in its English version as D.E. 6-2 in our case. The English translation, however, incorrectly translates its title as "Judgment." The Bayamón Court complaint mirrors the previous San Juan Complaint for Declaratory Judgment (D.E. 49-1) filed by the same 11 individual persons who identified themselves as "jointly, the minority shareholders." The Bayamón action is neither a different claim nor is it based on unrelated factual allegations. They both request the Court to declare plaintiffs' rights as "minority shareholders."

The undersigned has carefully compared, paragraph by paragraph, the factual allegations and the legal principles set forth in each of these two complaints. They have identical wording, except for minor differences of form in the numbering and sequence of several paragraphs. Plaintiffs Cook and Gómez contend, nonetheless, that the Bayamón complaint includes new causes of action. This is not so. The earlier San Juan Superior Court intervenors' action identified "Declaratory Judgment" as its subject-matter; while the Bayamón Superior Court complaint, in addition to "Declaratory Judgment," mentions "Breach of Contract and Promissory Estoppel." However,

CIVIL 14-1544CCC                              6

the same breach of contract claims are present in the San Juan Superior Court complaint, at page 9 under the heading "The binding nature of verbal agreements or promises between the parties."  The breach of contract claim is discussed in that pleading at paragraphs 50 through 55, inclusive.  The same contractual claim appears in the Bayamón Superior Court complaint at page 9 under the same heading at paragraphs 54 through 57, inclusive.  The matters discussed under the headings "Binding Nature of Contract and Verbal Contracts," "Validity of Stock Subscription Agreements," and "Unilateral Statement of Intent" appear in both complaints although not in the same order.  In sum:  the later Bayamón Court complaint sets forth exactly the same controversies as its San Juan counterpart.

Against this backdrop we reach the two motions that are the object of this order, to wit:  **(1)** the Larreas and the "minority shareholders'" Motion to Vacate Plaintiffs' Deposit of Funds (**D.E. 21**), opposed at D.E. 24 and D.E. 27, reply at D.E. 44, and **(2)** CGC's request for an injunction (**D.E. 37**), opposition at D.E. 38, joined by the 11 individual defendants at **D.E. 47**, which is NOTED. Docket entry 21 seek to vacate the $848,000.00 deposit, that the Clerk of Court be ordered to return to Cook and Gómez the monies improperly deposited, with interest accrued, and to also order the plaintiffs to deposit these funds in an escrow account, as agreed to by the Larreas, Cook and Gómez in their capacity as members of the Board of Directors of Caribbean Glaze Corporation (CGC) in the "Joint Action of the Board of Directors and Shareholders of Glaze On Investment, Inc. By Unanimous Written Consent" which was executed on May 24, 2014 (D.E. 21-1), and as agreed in the "Action of the Board of Directors of Caribbean Glaze Corporation By Unanimous Written Consent" executed by the Larreas, Cook and Gómez on May 24, 2014 (D.E. 21-1).

CIVIL 14-1544CCC                              7

      The Joint Action of the Board of Directors and Shareholders of Glaze On Investment, Inc. on declaration of dividends states that its wholly-owned subsidiary, CGC, had declared a dividend in the amount of $5.3 million to Glaze On Invesment, Inc. (GOI) and this corporation similarly wished to declare dividends in the same amount to its shareholders.  The Joint Action acknowledges that the two Larreas, Cook and Gómez are shareholders of GOI with equal participation and that at that time there was a dispute before the San Juan Superior Court among the four shareholders in case number KPE2013-5152(505) as to whether they own a 100% of the corporation or 84% with the remaining 16% owned by the intervenors, referring to the 11 individuals who filed a Declaratory Judgment Petition in that case.  The four principal shareholders specifically state that "in order to facilitate the declaration and payment of a dividend by the Corporation, notwithstanding the dispute, the Corporation would deposit in escrow 16 percent of such dividend, or $848,000.00, pending resolution of the declaratory judgment action mentioned before filed by the individual intervenors.  It was also resolved that each of the four shareholders who signed the Joint Action would receive at the time, $1,001,700.00 and the remaining balance of the dividend, the $848,000.00, would be deposited in escrow **upon final resolution of the Declaratory Judgment Action in case No. KPE2013-5152(505)**."  The other document entitled "Action of the Board of Directors of Caribbean Glaze Corporation By Unanimous Written Consent" resolved that the declaration and payment of the $5.3 million dividend declared by CGC "is contingent upon a declaration and payment by Glaze On Investment, Inc. of a similar dividend to shareholders, including the deposit in escrow of the $848,000.00 of such dividend," as set forth in the above-mentioned Joint Action.

CIVIL 14-1544CCC 8

Having examined all of the relevant documents filed in the two cases pending before the Superior Courts of San Juan and Bayamón, the Court concludes that, contrary to Cook and Gómez' contentions, the San Juan case, KPE2013-5152(505), is still pending disposition of the Motion for Reconsideration or Relief from Judgment filed by the Larreas regarding the dismissal of the Counterclaim.  Said Counterclaim included the same controversies related to the existence of the minority shareholders and to their 16 percent participation in the share of the corporations.  The Counterclaim filed by the Larreas, together with their answer to the petition, both before the San Juan Superior Court, is a 29-page document.  It commences at page 17 of D.E. 46-1 and contains detailed allegations regarding the primary dispute between the four principal shareholders, the Larreas pitted against Cook and Gómez, regarding the status of the 11 individual defendants as minority shareholders of 16 percent of CGC shares.  Particularly, in the first and third paragraphs of the Counterclaim, the Larreas allege that Cook and Gómez refuse to acknowledge a participation of the 11 minority shareholders despite having participated in the discussion of the final determination of the shareholders; that they insist in declaring illegal dividends to the detriment of the minority shareholders' rights and attempt to exclude them from the payment of dividends in order to receive a percentage higher than that to which they (Cook and gómez) are entitled.  The Larreas specifically allege at paragraphs 142 through 144 of their Counterclaim that the final list of shareholders includes the 11 minority shareholders whose existence Cook and Gómez denied; that the four principal shareholders - Cook, Gómez and the Larreas - own 84 percent of the shares and the remaining shareholders own a total of 16 percent.

CIVIL 14-1544CCC                                9

It is clear, therefore, that the Counterclaim contains allegations and request remedies that are directly related to the ongoing dispute among the shareholders regarding the very existence of minority shareholders and their participation, if any.  That is, the 84-16 percent distribution claimed by the Larreas and the individual defendants and the 100 percent strictly for the four principal shareholders as advanced by Cook and Gómez.

Additionally, and, more importantly, the Bayamón Superior Court complaint, the identical suit refiled after dismissal for delay in service of process without prejudice, not on the merits, reflects that the shareholders' dispute which triggered the **corporate resolution that conditioned the payment of dividends on placing in escrow the 16 percent or $848,000.00**, still remains unresolved.  The whole purpose behind the "Joint Action" was precisely to break the impasse among the shareholders by placing in escrow the disputed amount.  That impasse has, as yet, not been overcome. Therefore, the agreement in the Joint Action of the Board of Directors of GOI and in the Action of the Board of Directors of CGC for the escrow deposit is still in effect.

For the reasons stated, the Motion to Vacate Plaintiffs' Deposit of Funds in Violation of Fed. R. Civ. P. 67 (**D.E. 21**) is GRANTED.  The Court has determined that the $848,000.00 or 16 percent of the dividend declared in issue is still subject to being deposited in escrow.  The Request for Injunction (**D.E. 37**) which seeks "to restrain each defendant from commencing or prosecuting any action in any State or United States Court against CGC related to title to CGC and/or GOI shares and capital stock and the $848,000.00 dividend" is DENIED.

CIVIL 14-1544CCC                              10

     It is FURTHER ORDERED that the $848,000.00 deposited in this Court be returned to Glaze On Investment, Inc. (GOI) for deposit in an escrow account, as set forth by the Joint Action of the Board of Directors of Glaze On Investment, Inc. (GOI).  An officer or officers of GOI shall submit proof before the Court of the deposit in escrow of the sum of $848,000.00 within five (5) days after the return of said amount to said Corporation by the Clerk of Court.

     SO ORDERED.

     At San Juan, Puerto Rico, on October 27, 2014.

                                              S/CARMEN CONSUELO CEREZO
                                              United States District Judge