Exhibit 35



Licensed Franchisee

23 de junio de 2011

Sra. Ellysmar Gómez
Tesorera
Caribbean Glaze Corp.
PO Box 366939
San Juan, PR 00936-6939

Estimada Ellysmar:

Respondemos a tu carta con fecha del 25 de mayo de 2011.

Nos reiteramos en lo expresado en nuestras comunicaciones previas sobre este tema, las cuales se explican por sí solas. En cuanto a la muestra gráfica que incluyes, pudiste haber también puesto fotos de tazas de café o vasos de refresco, productos "competitivos" igualmente vendidos a distintos precios tanto en Krispy Kreme como en Church's Chicken.

Aunque el asunto de los Frappéz no amerita más discusión, queremos comentar sobre tu insistencia en el supuesto "conflicto de interés real" que tenemos Don Gerardo y yo al ser accionistas y directores en SARCO y también serlo en CGC.

Te recuerdo que por más de treinta y cinco años el Grupo Larrea ha tenido intereses propietarios en numerosas cadenas de restaurantes muy exitosas, tales como: Burger King, Church's Chicken, Pollo Tropical, Chili's, Romano's Macaroni Grill, On the Border, Krispy Kreme y P.F. Chang's. Estas inversiones se han hecho a través de los años invitando a participar a diversos grupos de accionistas.

Es claro que todas estas cadenas de restaurantes más que "competir" entre sí por localizaciones, espacio en medios publicitarios y cuotas en segmentos del mercado, lo que hacen es beneficiarse de las sinergias y poder de negociación que les brinda ser parte de un grupo afiliado de empresas. Es por esto que en Puerto Rico hay muchos otros ejemplos de grupos afiliados de cadenas de restaurantes que siguen un modelo de negocios similar al del Grupo Larrea. Recordarás todo el hincapié que se hizo en las numerosas presentaciones a KKDC sobre lo positivo de que CGC fuese parte del Grupo Larrea, y del beneficio que esto brindaría en el desarrollo de la franquicia Krispy Kreme en Puerto Rico: e.g. sinergias en bienes raíces, poder de negociación de medios, banco de talento gerencial, etc. Sin embargo, si siguiéramos tu nueva lógica, el Grupo Larrea no existiría debido a que a tu entender una persona sólo puede invertir en una cadena de restaurantes porque al invertir en una segunda cadena, tiene un "conflicto de interés real".

En el día a día pueden surgir discrepancias entre una cadena de restaurantes y otra. Sin embargo, dichas discrepancias se resuelven en el curso ordinario del negocio con



Licensed Franchisee

Sra. Ellysmar Gómez
23 de junio de 2011
Página 2

comunicación y trabajo en equipo. Nunca antes ha habido otro inversionista o director en una de las cadenas de restaurantes del Grupo Larrea que nos haya acusado de tener un "conflicto de interés" por esta situación y consideramos la acusación totalmente infundada.

Así, los ejemplos específicos que traes a nuestra atención se manejaron y resolvieron en su momento sin mayor consecuencia: (i) CGC acaba de abrir su tienda Krispy Kreme en el Ponce Town Center, (ii) John pasó a la nómina de CGC y Johnny Mejías labora ahora satisfactoriamente en SARCO, y (iii) a insistencias tuya y de John, CGC dejó de utilizar los servicios y beneficios ofrecidos por SARCO y ya no le paga "fees" (y en cambio, utiliza una nómina administrativa mucho más alta o terceros como suplidores a un costo muchísimo mayor para la empresa).

No recordamos quejas de parte de ustedes en cuanto a "conflictos de interés" de Don Gerardo y mío mientras eran empleados (muy bien remunerados) de SARCO a tiempo completo y se les brindó la oportunidad de participar en CGC.

Igualmente, no hubo reclamos de "conflictos de interés" de parte de ustedes cuando los contactos, reputación y capital del Grupo Larrea le facilitaron a CGC la obtención de la franquicia Krispy Kreme y del crédito bancario que hizo su desarrollo posible (sin garantías personales de parte de ustedes, con una aportación de capital suya nominal en términos prácticos, etc.).

Convenientemente, las quejas y reclamos de "conflictos de interés" ocurren ahora, cuando tú y John, con sólo 50% de las acciones, nos mantienen a Don Gerardo y a mí ajenos al negocio del cual también somos accionistas en 50% y el cual, sin duda alguna, no hubiese existido sin el apoyo del Grupo Larrea. Tal parecería que esto es un indicio de que dicha conducta divisiva y reprochable de parte de ustedes va a continuar.

Esperamos que recapaciten al respecto.

Atentamente,

*[firma]*

Juan A. Larrea
Presidente de la Junta de Directores

c: Sr. John Cook
    Sr. F. Gerardo Larrea

**Caribbean Glaze Corporation**
Royal Industrial Park, Bldg. K, Road 869, Bo. Palmas, Cataño, PR 00962 • PO Box 366939, San Juan PR 00936-6939
Phone (787) 275-8990, Fax (787) 275-8833