IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOHN MATTHEW COOK, ELLYSMAR GÓMEZ LUZARDO,<br><br>Plaintiffs,<br><br>v.<br><br>F. GERARDO LARREA OLOZAGA, et al,<br>Defendants. | Civil No.: 2014-01544 (CCC)<br><br>RE: SECURITIES FRAUD; SHAREHOLDERS DIRECT and DERIVATIVE ACTION FOR BREACH OF FIDUCIARY DUTIES, CONFLICT OF INTEREST and ULTRA VIRES ACTS; DECLARATORY JUDGMENT; DAMAGES |

**MOTION FOR LEAVE TO FILE OPPOSITION TO MOTION TO STRIKE
(DOCKET NO. 106)**

**TO THE HONORABLE COURT:**

**COME NOW PLAINTIFFS,** John Matthew Cook and Ellysmar Gómez Luzardo, for themselves as shareholders of GOI and on behalf of CGC and GOI in the derivative action, by and through the undersigned attorneys, and most respectfully state and pray as follows:

1. Plaintiffs respectfully requested the Court leave to file a supplemental pleading (Docket No. 105) to include material occurrences or events arising after filing the Verified Complaint and/or which became known to Plaintiffs after filing the Verified Complaint, pursuant to Fed. R. Civ. P. 15 (d); 6A Wright, Miller, & Kane, *Federal Practice & Procedure,* Civil 2d § 1504 (West 1990); *Hillgrove v. Wright Aeronautical Corp.,* 146 F.2d 621 (6th Cir.1945).

1

2. Defendants filed "Motion to Strike and in Opposition to ´Urgent Motion for Leave to File Supplemental Pleading'" (Docket No. 106) and alleged that the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(b)(3)(B), prohibits the filing of a supplemental pleading through the mandatory stay of proceedings.

3. In support of their contention that the filing of a supplemental pleading is stayed under the PSLRA, Defendants cited *SG. Cowen Securities Corp. v. U.S. Dist. Ct. for the N. Dist. Of Cal.*, 189 F.3d 909, 912-913 (9th Cir. 1999) and *Medhekar v. U.S. Dist. Ct. for the N. Dist. Of Cal.*, 99 F.3d 325,328 (9th Cir. 1996).

4. At issue in *SG. Cowen Securities Corp.,* id., was plaintiff's motion for leave to take limited discovery for the purpose of uncovering facts to support their allegations. The court granted the request and defendants filed a petition for a writ of mandate. The district court permitted plaintiff to conduct discovery so that they might uncover facts sufficient to satisfy the Act's pleading requirements. The Court ruled that this was not a permissible reason for lifting the discovery stay under the Act.

5. In *Medhekar, id.,* the single issue presented was whether the terms "discovery" or "other proceedings" as used in the PSLRA include the initial disclosures required by Rule 26(a) and related local rules. The Court held that the initial disclosure requirements of Fed. R. Civ. P. 26(a) and related local rules are "discovery" or "other proceedings" for purposes of the Act's stay provision, and that such disclosures must be stayed pending the disposition of a motion to dismiss in an action covered by the PSLRA.

6. The Court in Medhekar also expressed that it disagreed that the term "other

proceedings" must be either very narrowly or very broadly interpreted and that, given the context and legislative history of the PSLRA, it appears that the term was intended to include litigation activity relating to discovery, which would certainly include disclosures **but would not include all litigation activity in general**.

7. The cited cases, *Medhekar* and *SG Cowen Sec. Corp.*, do not support Defendants' contention that the term "other proceedings" under the PRSLA and its stay provision prohibit the filing of supplemental pleadings to include material occurrences or events arising after filing the Verified Complaint.

8. The PSLRA provides that, upon the filing of a motion to dismiss by the defendants in a private securities fraud action, "all discovery and other proceedings shall be stayed during the pendency" of such motion. 15 U.S.C. § 78u–4(b)(3)(B). Fed.R.Civ.P. 26(a)(1). In <u>SG Cowen Sec. Corp</u>.,id., at 189 F.3d 909, 911, the Court explained that the Act was passed in response to several perceived abuses in securities litigation, including discovery abuses, and quoted the Third Circuit's observation in *In re Advanta Corp. Secs. Litig.,* 180 F.3d 525, 530–31 (3d Cir. 1999):

    The purpose of the Act was to restrict abuses in securities class-action litigation, including: (1) the practice of filing lawsuits against issuers of securities in response to any significant change in stock price, regardless of defendants' culpability; (2) the targeting of "deep pocket" defendants; (3) the abuse of the discovery process to coerce settlement; and (4) manipulation of clients by class action attorneys.

9. Plaintiffs' request for leave to supplement the pleadings does not seek discovery or any other action which may be perceived as abusive or merit the PSLRA

3

protective stay. Plaintiffs wish to include <u>known</u> facts of material occurrences or events that arose after filing the Verified Complaint and/or which became known to Plaintiffs after filing the Verified Complaint, as provided by Fed. R. Civ. P. 15 (d), not to conduct discovery in order to obtain the facts with which to supplement the pleadings.

10. Defendants also allege that the request for leave to supplement the pleadings is "too late", that it was filed with undue delay and that it is futile.

11. Plaintiffs request for leave to file the supplemental pleading (Docket 105) was not filed in bad faith nor does it represent undue delay in notifying the Court and Defendants of the material occurrences or events arising after filing the Verified Complaint. Plaintiffs included the new occurrences and material information in the Motion for Summary Judgment and Statement of Uncontested Facts filed on February 17, 2015. The Motion for Summary Judgment was stricken and thus, Plaintiffs moved quickly to supplement the pleadings.

12. **Defendants allege no prejudice to their rights and they admit and recognize that they have had knowledge of the proposed supplemental allegations since February as they were presented in the Motion for Summary Judgment (See, Dockets No. 72 ,73, 77 and 78)**

13. Plaintiffs' Complaint is legally sufficient to support its claims of violations under Section 10(b) of the Securities Exchange Act, 15 U.S.C. §78j(b) and Security Exchange Commission Rule 10b-5, 17 C.F.R. §240.10b-5. The facts as alleged in the Complaint are clear and specifically state that Defendants Larrea French and Larrea Olozaga and the eleven individual Co-Defendants, <u>knowingly and</u>

<u>purposefully</u>, have falsely stated and misrepresented that the Board of Directors approved the sale of 16% of CGC/GOI capital stock to minority investors and that the stocks have been paid in full or partially. Defendants have also made false statements regarding to whom the sale would be made and the percentage of participation each would have, among others. The allegations in the Complaint also sufficiently support that Defendants' false statements and misrepresentations were made with "scienter".

14. CGC and GOI, as seller of its own securities, suffers injury sufficient to support action and claims of violations under Section 10(b) of the Securities Exchange Act, 15 U.S.C. §78j(b) and Security Exchange Commission Rule 10b-5, 17 C.F.R. §240.10b-5, when it is fraudulently induced into issuing its own securities without the Board of Director's approval, without due consideration or payment and or for less than fair value. Plaintiffs Cook and Gómez are also injured by undue dilution of their interests in the corporations. *Estate of Soler v. Rodríguez*, 63 F.3d 45, 53 (1995); *Frankel v. Slotkin*, 984 F2d. 1328 (1993); *Lawrence v. Cohn*, S.D.N.Y., 932 F. Supp. 564 (1996).

15. The statute provides a cause of action for any plaintiff who suffers an injury as a result of deceptive practices touching the sale of securities. *Santa Fe Industries, Inc. v. Green*, 430 U.S. 462 at 476 and n. 15 (1977).

16. In relation to Plaintiffs' allegations that Defendants Larrea French and Larrea Olozaga have fraudulently and maliciously stated and misrepresented in documents filed in the Puerto Rico Court of First Instance that CGC and GOI approved the issuance of 16% share participation to eleven individuals,

**Defendants Larrea French and Larrea Olozaga have made <u>additional</u> false statements and misrepresentations.**

17. Plaintiffs respectfully requested leave to supplement their Amended Verified Complaint with the following facts:

   i. Co-Defendants Larrea French and Larrea Olozaga alleged in the San Juan Court, Civil Case K PE2013-5152, at page 24 ¶ 45 of their Answer to Petition for Mandamus or Complaint and Counterclaim[1], filed on December 2, 2013, **that a list dated May 2, 2008 was the final and approved list of shareholders to whom 17% minority share participation would be sold**. The list included the respective percentage participation and the equity contribution to be required from each shareholder and Cook and Gómez had <u>majority</u> participation of 42%. Co-Defendants Larrea French and Larrea Olozaga submitted the list as Exhibit A 2 to Motion Submitting Documents under Seal.

   ii. <u>Contrary</u> to what they alleged in the Puerto Rico Court of First Instance, San Juan Part, **on July 18, 2014,** Co-Defendants Larrea French and Larrea Olozaga admitted and alleged on page 4 ¶ 28 of their Answer to Declaratory Judgment Complaint filed by the individual Co-Defendants, in the Bayamón Court, Civil Case D AC-2014-1549[2], **that an April 24, 2008 (9:01 p.m.) list**

---

[1] Defendants Larrea French and Larrea Olozaga's Counterclaim was dismissed with prejudice by the Puerto Rico Court of First Instance, San Juan Part, on February 4, 2015. Judgment was notified on May 27, 2015.
[2] The Bayamón Court dismissed the Co-Defendants' Declaratory Judgment Complaint on January 28, 2015.

          **is the final "confirmed and accepted" shareholders list to whom 16% shares would be sold**. This list includes the respective percentage participation and the equity contribution to be required from each shareholder and Cook and Gomez and the Larreas would have <u>equal</u> participation of 42%[3].

iii.   The individual Co-Defendants refiled their claim in the Bayamón Court.

iv.   The individual Co-Defendants re-filed their claim in the Bayamón Court with fraudulent intent and full knowledge of the contradictory and inconsistent allegations and documentary evidence of the Larreas on which they based their claim that the Boards of Directors had approved the sale of minority shares and or a shareholders' list that included them.

v.   Co-Defendants Larrea French and Larrea Olozaga's mental state embracing intent to deceive, manipulate and defraud are evidenced by their actions as they provided the individual Co-Defendants another list, a prior April 24, 2008 (9:01 p.m.) list, with which to support their claim to shares in the Bayamón Court but without losing equal voting participation nor granting Cook and Gómez shareholder majority vote.

---

[3] **Defendant Larrea French and Larrea Olozaga falsely stated that the Board of Directors approved the sale and pretended to provide a May 2, 2008 list sent via e-mail to Plaintiffs Cook and Gómez on May 2, 2008 as proof of an approval of a "final list". Defendant Larrea French and Larrea Olozaga reneged on their prior allegation that the Board of Directors approved the sale pursuant to the May 2, 2008 list and alleged that the sale was approved by the Board pursuant to an April 24, 2008 list, and they presented the contradicting statements to prevent Plaintiffs Cook and Gómez from having majority participation as provided in the May 2, 2008 list. Defendant's actions clearly establish "scienter". Note that by reneging on the May 2, 2008 list, Defendants Larrea Olozaga and Larrea French also reneged on prior allegations regarding who the sale would be made to (the April 24, 2008 list does not include Co-Defendant Aniceto Solares) and also the percentage of participation each shareholder would have.**

vi. The contradictory and inconsistent allegations and documentary evidence presented by Co-Defendants Larrea French and Larrea Olozaga also support Plaintiffs allegation that the Board of Directors did not approve a "final shareholders list" which included the eleven individual Co-Defendants, never approved the sale or issuance of minority shares to the eleven individual Co-Defendants and never approved a minority shareholder agreement. They also support Plaintiffs allegations that Larrea French and Larrea Olozagas' statements are false and made with fraudulent intent.

vii. Defendants Larrea French and Larrea Olozaga did not amend their allegations in either the San Juan Court, Civil Case K PE2013-5152, or the Bayamón Court, Civil Case D AC-2014-1549, and maintained inconsistent, contradictory and irreconcilable allegations until both cases' dismissal and throughout their appeal.

viii. This scheme constitutes blatant fraud in connection to the sale of CGC and or GOI shares in violation of Section 10 of the Securities Exchange Act of 1934, 15 U.S.C.A. §78j and Rule 10b-5, 17C.F.R. §240 10b-5.

ix. Plaintiffs Cook and Gómez request a finding that the Defendants' intentional, fraudulent and malicious actions and omissions constitute securities fraud under Section 10(b) of the 1934 Securities Exchange Act, 15 U.S.C.A. §78j(b) and or SEC Rule 10(b)-5, 17 C.F.R. §240.10b-5, and are liable to Plaintiffs, CGC and GOI for all damages resulting from said violation and all attorneys' fees and expenses to be incurred to prosecute this case in an amount no less than $150,000.00.

18. Defendants Larrea French and Larrea Olozaga's contradictory and irreconcilable allegations were made on July 18, 2014 <u>after</u> the Verified Complaint was filed. Defendants Larrea French and Larrea Olozaga have maintained the inconsistent allegations until present. Plaintiffs did not grasp Defendants´ scheme and use of contradictory and irreconcilable documentary evidence, before two different state courts, at once but proceeded to file the Motion for Summary Judgment supported with the new facts as soon as they became aware of the scheme.

19. Defendants have alleged "issue preclusion" and or "abstention" due to the existence of the local court cases, San Juan Court Civil Case K PE2013-5152 and the Bayamón Court Civil Case D AC-2014-1549. Plaintiff's motion to supplement the pleadings also seeks to inform the Honorable Court that both cases have been dismissed. (See footnotes 1 and 2)

**WHEREFORE**, Plaintiffs respectfully request this Honorable Court to deny the Motion to Strike and grant leave to file supplemental pleading.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 19th day of July, 2015.

**CERTIFICATE OF SERVICE**.

**Certification:** we certify to have caused this motion to be served on this same date by electronic means to all counsel of record, using the CM/ECF electronic filing system.

Respectfully submitted.

In San Juan, Puerto Rico, this 19th day of July, 2015.

/s/ Rubén T. Nigaglioni  .
Rubén T. Nigaglioni
USDC-PR 119901

rtn@nigaglionilaw

/s/Mónica Vega Quintana
Monica Vega Quintana
USDCPR No. 210911
E-mail: monicavegalaw@aol.com